CHARLES H. GOODSELL *vs.* WILLIAM TAYLOR.

July 8, 1889.

Negligence—Passenger Elevator.—Evidence *held* sufficient to justify a finding of negligence in the care or management of a passenger elevator, resulting in injury to a passenger.

Same—Expert Testimony—Appearance of Machinery.—The question whether the appearance of machinery would suggest to a prudent man the necessity of an examination is not one for an expert witness, but is for the jury to determine.

Same—Presumption from Previous Use of Machinery with Safety.— The fact that machinery has been used with safety for years, and is not

41  207
55  504
41      207
s4ᴸᴿᴬ 673
52ᴸᴿᴬ 929
52ᴸᴿᴬ 931

*obviously* dangerous, will not (especially where the lives of others may depend on its safety) justify a presumption that it will continue safe, and that its use may be continued, without examining it to ascertain if its safety may not have been impaired from wear.

Same — Passenger Elevator — Care Required of Owner — Burden of Proof.—The rule as to the degree of care required, and as to the *onus* of proof in case of injury from giving way of machinery, applicable between a common carrier of passengers and his passengers, is applicable as between the owner and manager of a passenger elevator and the passengers in it.

Instruction Excepted to and Withdrawn—Presumption.—Where, upon an exception to a proposition in a general charge, the court withdraws it, and instructs the jury to disregard it, it will ordinarily be presumed that the jury accepted and acted on the correction.

Appeal by defendant from an order of the district court for Otter Tail county, *Searle*, J., presiding, refusing a new trial after verdict of $1,275 for plaintiff.

*Clapp & Woodard*, for appellant.

*Mason & Hilton*, for respondent.

GILFILLAN, C. J.    Action for damages sustained from the giving way of an elevator at a hotel, in which the plaintiff was riding at the time.    The objection is made that there was no evidence of negligence on the part of the owner of the hotel.    The evidence was such as to make that a question for the jury.    The fall of the elevator was in consequence of the cable breaking.    As the evidence suggests no other cause for its breaking, it must have happened either from its having been originally insufficient or from its having become insecure from wear.    It appears to have been in use three or four years, so far as appears, without accident; and from that fact, and from direct evidence that it was well constructed, the jury might infer that the break was not from any original defect, but from the consequence of wear.    That it had worn, as would naturally be the case, appears from the testimony.    A piece of the cable cut off the broken end was exhibited to the jury, and they could see (as we cannot) whether the wear was such as to seriously weaken the cable, and render it insecure.    There was evidence that the wearing could easily have been seen, if properly looked after.    From this evi-

dence the jury might find that the break was because the cable had worn till it was unsafe, and that proper care would have discovered it in time to remedy it, and prevent accident. The charge of machinery, to the sufficiency of which is entrusted people's lives, requires a degree of care which the jury might well find was not observed in this case.

One of defendant's witnesses was asked the question "whether or not there is anything in the construction of that elevator, and in the appearance of the cable, that would suggest to a prudent man the necessity for having an examination of this cable at the point where it was pointed out to you as where this break occurred." This plaintiff objected to as incompetent, and as calling for an opinion, and it was excluded. The question to what extent the apparent wear impaired the strength of the cable might have been one for an expert, but as held in *Mantel* v. *Chicago, Mil. & St. Paul Ry. Co.*, 33 Minn. 62, (21 N. W. Rep. 853,) whether due care requires this or that to be done is not a question for expert testimony. Whether prudence required an examination of the cable was for the jury to determine, upon the facts and circumstances of the case.

The defendant asked of the court this instruction: "As a general rule where appliances or machinery have been in use for years, and are not obviously dangerous, and it has uniformly proved safe, it may be presumed to be safe, and its use continued." This request was bad, because it laid out of account that the strength of machinery ordinarily becomes impaired by wear, and that to ascertain if such wear has rendered it unsafe may require some examination. One has no right to assume, because a machine never has given way, that therefore it never will, especially of a machine upon the safety of which the lives of others may depend.

The relation between the owner and manager of an elevator for passengers and those carried in it is similar to that between an ordinary common carrier of passengers and those carried by him. The same reason exists for requiring on the part of the owner the utmost human care and foresight, and for making him responsible for the slightest degree of negligence, and also, in case of injury by the breaking or giving way of the elevator, for putting on him the *onus* of prov-

ing that it was through no fault or neglect of his. The rule as to care applied by the court below was within this rule.

Exceptions were taken to two propositions in the general charge, and thereupon the court corrected the charge by withdrawing the language excepted to, and instructing the jury that they should disregard the same. The appellant, however, still persists in his exceptions to the propositions as originally given, arguing that they must have made such an impression on the minds of the jury to his prejudice as the correction could not or did not remove. We will not say that there might not be such a case. But it could not have been so in this case. We do not see that the original propositions were incorrect, but, however that may be, it must be presumed that whenever the trial court in its charge corrects a proposition, the jury accepts the correction as the law of the case. It is inevitable that the court in its general charge will sometimes inadvertently use language tending to mislead the jury. The purpose of requiring an exception is that the mind of the court may be directed to a proposition stated or language used by it, so that it may have an opportunity to make any correction that it sees fit.

Order affirmed.