## MARKER v. MITCHELL.

(Circuit Court, S. D. Ohio, W. D. March 24, 1893.)

1. CARRIERS OF PASSENGERS—LIABILITY—ELEVATORS.

A landlord who runs an elevator for the use of his tenants and their visitors thereby becomes a common carrier, and is charged with the highest degree of care which human foresight can suggest, both as to the machinery and the conduct of his servants; and an instruction that he owes to persons thus put completely under his control "the highest degree of care consistent with the possibility of injury," while unfortunate in the choice of words, does not misstate the law, and, being explained by the context, is no ground for reversal.

2. SAME—SKILLFUL EMPLOYES.

A person who undertakes to run an elevator to carry passengers who intrust themselves entirely to his care and control is charged with the duty of providing experienced and skillful servants for that work; and the standard of due care for an elevator man is that care which may be reasonably expected of an elevator man of skill and experience.

3. NEW TRIAL—EXCESSIVE DAMAGES.

Where the verdict awards excessive damages, a new trial should be granted, unless plaintiff consents to a remittitur reducing the amount to a reasonable sum.

At Law. Action by Marker against Mitchell for personal injuries received in an elevator operated by defendant. Verdict for plaintiff. Motion for a new trial. Granted, unless plaintiff consent to a remittitur.

W. H. Jackson, for plaintiff.
C. D. Robertson and Chas. T. Greve, for defendant.

TAFT, Circuit Judge. This case has been twice tried. The first trial resulted in a verdict for the defendant, and was set aside by the court on the ground that it was against the weight of the evidence. A second trial has resulted in a verdict for $2,250. A motion is now made for a new trial on three grounds: First. That the court charged the jury, with reference to Mitchell's obligation in running an elevator for the use of his tenants and their visitors, that it was his duty to use reasonable care, under the circumstances, to preserve their lives and limbs, and that reasonable care, in view of the fact that passengers put themselves completely within the control of Mitchell and his employes while on the elevator, required a very high degree of care; "the highest degree of care consistent with the possibility of injury." Second. A new trial is asked on the ground that the court charged the jury that Mitchell was obliged to employ a careful and skilled elevator man, and that the standard fixed for the due care of an elevator man was that care which the jury would expect as reasonable from a careful and skilled elevator man. Third. It is said that the damages are excessive.

On the first point I am of opinion that the language used by the court was not fortunate. The highest degree of care consistent with the possibility of injury is rather a blind expression, but it seems to me that it was sufficiently explained by the context in the charge, and that it did not, therefore, mislead the jury. "Consistent with the possibility of injury," as thus explained, meant "commensurate with or proportionate to the possibility of injury in the use of the elevator." The theory of the court was that the liability of Mitchell in the running of a passenger elevator was the same as that of a common carrier, and the standard for a common carrier is the highest degree of care which human foresight can suggest. This view is sustained by the case of Goodsell v. Taylor, a decision of the supreme court of Minnesota, reported in 42 N. W. Rep. 873, and by the case of Treadwell v. Whittier, a decision of the supreme court of California, reported in 22 Pac. Rep. 266. It is contended that such a rule applies to the machinery used, but does not apply to the conduct of the employes of a common carrier. No case has been cited which makes this distinction. On the contrary, the opinion of the supreme court of the United States in Stokes v. Saltonstall, 13 Pet. 181, considered in connection with the facts of that case, seems to refute the contention.

Secondly. I think it should be, and is, the rule of law that, where a person undertakes to run an elevator which is to carry passengers who intrust their bodies entirely to his care and control, he shall provide careful and skilled operatives to discharge the obligation

thus assumed. I therefore think that the court properly defined the standard of due care for the elevator man.

Finally, as to the question of damages. I believe that the damages are too great. It seems clear to me from the evidence that the injury does not justify the amount of the verdict. For that reason I shall grant a new trial, unless the plaintiff will consent to a remittitur of enough to reduce the verdict to $1,500; otherwise the motion for a new trial will be granted.