JOHN J. EDWARDS *vs.* MANUFACTURERS BUILDING COMPANY.

PROVIDENCE—JUNE 9, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Common Carriers.  Duty of Landlord to One Using Elevator.*

A landlord who maintains a passenger elevator is not a common carrier, and in his duty to the employee of a tenant is required only to use reasonable care in the character of the appliance and in its maintenance and operation.·

(2)  *Elevators.  Negligence.*

The rule previously established by the court, that the fall of a loaded elevator affords *prima facie* evidence of negligence in the person charged with the duty of operating it, affirmed.

TRESPASS ON THE CASE for negligence. Heard on petition of defendant for new trial, and granted.

DOUGLAS, C. J.  The plaintiff was an employee of one of the defendant's tenants and was injured by the falling of an elevator which the defendant maintained and operated in its building for the use of it tenants and their employees and customers. After verdict for the plaintiff the defendant brings its petition for a new trial, founded upon the allegations that the verdict is against the evidence; that the presiding justice erred in refusing to charge the jury as requested by the defendant; and that the damages were excessive.

The defendant's requests, which were refused, and to which exceptions were taken, were:

"1.   The owner of a building containing a passenger elevator therein operated by such owner is not a common carrier, and not an insurer of the safety of persons using the elevator.

"2.   If the jury find that the defendant used reasonable care and prudence in the construction, maintenance, and operation of the elevator, the verdict should be for the defendant.

"4.   The plaintiff was without contract relations with the defendant, and, this being so, negligence can not be presumed from the fact of the accident alone, but some other fact must be proved by the plaintiff showing that the accident was due to the negligence of the defendant."

(1)   We think the first and second requests should have been granted.   A landlord who maintains an elevator in his private building is not a common carrier, and a common carrier is not an insurer of the safety of passengers.   And it seems to us unreasonable to say that such a landlord is to be held to the same  degree of care which the law imposes upon a common carrier.   The charge of the court was based upon the case of *Marker* v. *Mitchell*, 54 Fed. Rep. 637, which holds that the liability of a landlord maintaining an elevator and that of a common carrier of passengers are the same; that the standard for both is the highest degree of care which human foresight can suggest.   This case is supported by *Goodsell* v. *Taylor*, 41 Minn. 207, and *Treadwell* v. *Whittier*, 80 Cal. 574.   And the United States Court of Appeals confirmed the decision in *Mitchell* v. *Marker*, 62 Fed. Rep. 139, where the court say: "We see no distinction in principle between the degree of care required from a carrier of passengers horizontally, by means of railway cars or stage-coaches and one who carries them vertically, by means of a passenger elevator.   The degree of care required from carriers by railway or stage-coach is the highest degree.   Neither is an insurer, but in regard to each care short of the highest degree becomes not ordinary care, but absolute negligence."   These cases seem to have been

generally followed. *Edwards v. Burke,* 17 Amer. Neg. Rep. 384.

We can not assent to the reasoning on which they rely. It is true that whether a common carrier operates a stage-coach, a railway on the surface of the ground, or a railway up a mountain side, the law subjects him to a certain rule of responsibility, but the rule is imposed not on account of the danger of the journey, but because of his relation to the public. If a private person transports a friend in his coach or in his automobile, he is liable only for want of ordinary care, though the danger may be the same as in traveling by public coach or by railway.

The duty of a landlord towards those who enter upon his premises by implied invitation is to exercise reasonable care for their safety, and we see no reason for modifying the rule when he introduces and operates an elevator. He is not, like a common carrier, a servant of the public; his relations and duties are with a limited number of persons who have contracted with him for the use of his premises and others who have business with his tenants.

The doctrine of the cases cited above is examined and repudiated by the New York Court of Appeals in *Griffen v. Manice,* 166 N. Y. 197, decided in 1901. The opinion of Judge Cullen is so clear and convincing that we can not do better than to quote from it at length. He says: "The right of any person to be carried in the elevator was based on the implied invitation to enter, which the defendant as owner of the property is deemed to have extended to all who might have business on the premises. To such persons the law imposed upon the occupant or owner the duty of seeing that the premises were in a reasonably safe condition of access and entering (2 Shearman & Redfield, § 704; *Beck v. Carter,* 68 N. Y. 283); but 'the measure of his duty was reasonable prudence and care.' (*Larkin v. O'Neill,* 119 N. Y. 221; *Hart v. Grennell,* 122 N. Y. 371.) If the charge of the trial court is to be sustained, we must hold that the maintenance and operation of an elevator form an exception to the general standard of care imposed by the law upon the owners and occupants of real property. We see no reason for making this exception. The

operation of an elevator, no doubt, involves danger, and if accident occurs it may result in most serious consequences. It is not, however, the only dangerous appliance used in modern buildings. The boiler which furnishes steam heat, the conductors through which electric light is furnished, may at times be the cause of serious accidents. An open hatchway is equally dangerous. Yet, it has never been attempted to impose upon the owner of a building any greater responsibility as to these matters than that of exercising reasonable care. It is very probable that, in the advance of mechanical arts, many new appliances will be introduced into buildings, which will involve danger. It seems to me impracticable to distinguish as to the measure of the owner's duty between these appliances, and that such an attempt would involve great confusion in the law. I do not wish to be misunderstood. In the exercise of the same degree of care, different degrees of precaution may be necessary. The same man with equal prudence will leave an article of furniture unguarded in his house and carefully secrete or lock up jewelry or money. So, the more dangerous an appliance may be, the more attention may be requisite. If the fair purport of the charge of the court was only that the care should be commensurate with the danger, it might not be objectionable. The charge, however, goes far beyond this. The utmost human care and foresight would require the owner of a building to use the most modern and improved form of elevator, the latest successful mechanical device, and the most skillful operators. Such is the rule in the operation of railroads, and this degree of diligence may well be required where, for a consideration, there is a contract to carry safely. But common knowledge informs us that such a rule would be unreasonable applied to elevators in ordinary buildings. There are elevators not only in great office buildings and hotels, but also in small buildings, and even in many private houses. Where there is little traffic the duty of operating the elevator is at times imposed on an employee or servant with other work to perform. To require in all these cases (and I do not see how it is possible to distinguish between them on the law) the same measure of duty that is imposed on a railroad company or

common carrier, would be going too far. I think sufficient security is afforded the public when owners or occupants of a building are required to use reasonable care in the character of the appliance they provide and in its maintenance and operation. The stairways are always open to those who deem this degree of diligence inadequate for their protection. The charge of the learned trial court was, therefore, erroneous."

(2)    The fourth request, if, as we understand, it includes in the word "accident" the injury and the surrounding circumstances, was rightly refused. While it is true that the mere fact that a passenger receives an injury, without regard to the circumstances which surround that fact, is not enough to throw upon the defendant the burden of explaining the cause of the injury (*Fagan* v. *Rhode Island Co.*, 27 R. I. 51; *Benedick* v. *Potts*, 88 Md. 52), it has been held repeatedly by this court that the fall of a loaded elevator affords *prima facie* evidence of negligence in the person charged with the duty of operating it. *Ellis* v. *Waldron*, 19 R. I. 369, commented on in *Laforrest* v. *O'Driscoll*, 26 R. I. 550.

As the defendant must have been prejudiced by the erroneous statements of the measure of its duty, a new trial must be granted, and it is unnecessary for us to comment upon the evidence presented.

The petition is granted, and the cause is remanded to the Common Pleas Division for further proceedings.

*John P. Beagan*, for plaintiff.

*Charles A. Wilson and George H. Huddy, Jr.*, for defendant.