JOHN T. McCRACKEN, DEFENDANT IN ERROR, v. CHARLES R. MEYERS, PLAINTIFF IN ERROR.

Submitted December 12, 1907—Decided March 2, 1908.

It is the duty of the proprietor of a hotel operating a passenger elevator therein to exercise at least ordinary care in the character of the appliance provided, and in its maintenance and operation. This duty he owes to every person who has lawful business on the premises and who has occasion to use the elevator for transportation from floor to floor, whether such person be guest, visitor or otherwise.

On error to Atlantic Circuit.

For the plaintiff in error, *Bourgeois & Sooy.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by ·

DILL, J.   This action was to recover damages for injuries received by the plaintiff while riding in a passenger elevator in a hotel, of which the defendant below was proprietor.

The pertinent facts are that the plaintiff in error, Charles R. Meyers, was the proprietor and operator of the Hotel Rudolf, a large public house at Atlantic City, New Jersey. At the time of the accident the Master Car and Locomotive Painters' Association was holding a convention at Atlantic City, with its headquarters at this hotel, in certain rooms on the first floor assigned for the use of the association.

McCracken, the plaintiff below, was a member of the association and a delegate to the convention, and on the day in question he visited the rooms of the association at the hotel. While there one Benson E. Brown, a guest of the hotel, invited McCracken to dine with him in the hotel. This he did, and after dinner Brown invited McCracken and others to go to his (Brown's) room on one of the floors above, in reference to some matter with which the association was concerned.

For this purpose they entered a passenger elevator at the office floor, and while ascending, and before it had reached the floor upon which Brown's room was situated, the elevator fell to the basement, and the plaintiff was seriously injured.

There was a jury trial, a verdict against the defendant, and the judgment entered thereon the plaintiff in error seeks here to review.

There is but one question which requires discussion.

According to the brief for the plaintiff in error—

"It was argued below, and is now submitted, that the case showed no relationship of innkeeper and guest between Meyers and McCracken which would place on Meyers any greater duty, in relation to McCracken, than was due from Meyers to a mere licensee on the premises. * * * As such, Meyers owed to McCracken no duty except to refrain from willful negligence towards him, McCracken."

The position of the plaintiff in error is that this is strictly a case of innkeeper and guest, resting only upon contractual relations, and that the evidence shows no such privity or connection between the plaintiff and the defendant as would entitle the plaintiff to recover.

The question was raised by motions to nonsuit, to direct a verdict, and by an exception to the charge.

This, however, is a mistaken theory. Upon the facts of this case the rule is applicable that the owner or occupier of lands, who by invitation, express or implied, induces persons to come upon his premises, or to make use of the premises for a given purpose, is under a duty to exercise ordinary care to render the premises reasonably safe. *Furey* v. *New York Central and Hudson River Railroad Co.,* 38 *Vroom* 270.

The duty which the proprietor of a hotel, operating therein a passenger elevator, owes to his guests, to exercise care in the operation and maintenance of the elevator, he also owes to those visiting such guests on lawful occasions, and in general to every person entering the hotel, either as guest, visitor or otherwise, using the elevator and having lawful business on the premises.

By analogy: *Gleason* v. *Boehm,* 29 *Vroom* 475; *Siggins* v. *McGill,* 43 *Id.* 263.

Privity of contract is not essential: *Stewart* v. *Harvard College,* 12 *Allen (Mass.)* 58, 67.

In the present case it clearly appears that the defendant in error was lawfully upon the premises and was lawfully using the elevator upon the implied invitation of the plaintiff in error, extended to him and to all other persons similarly situated.

Therefore the court properly denied the motions for a non-suit and for a direction of verdict, and properly charged the jury that—

"If he [McCracken] went there as he says he did, as a member of the association, received a meal which was paid for, and started to go with a friend in the elevator, which friend was a guest of the house, to see certain souvenirs in the room of that guest, then I say, if you believe he was there in that capacity, he was there lawfully and by the implied invitation of Meyers, the proprietor of this public house."

As to the degree of care required, the court charged:

"And being there in that capacity, it was the duty of Meyers to exercise ordinary care to secure his safety while upon his premises."

This was not an enlargement of the defendant's duty. *Griffin* v. *Manice, 166 N. Y. 188.*

To have instructed the jury according to the theory of the defendant below, that Meyers owed McCracken no duty except to refrain from willful negligence towards him (McCracken), would have been a misconception of the law applicable to this case.

The other exceptions present no reversible error.

The judgment of the Circuit Court below is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.    13.

*For reversal*—None.