## DEGREE OF CARE REQUIRED IN OPERATING A PASSENGER ELEVATOR.

Circuit Court of Cuyahoga County.

CHARLES F. SCHABER, EXECUTOR OF THE WILL OF JOHN SCHABER, DECEASED, v. BENJAMIN F. YOUNG.

Decided, March 24, 1911.

*Elevator Accident—Duty of Owner and Operator—Who is Passenger.*

1. In an action for damages for injuries received by a passenger through the alleged negligence of an owner and operator of an elevator, it is not error to charge that the same degree of care is required of such owner and operator as of a common carrier of passengers, it being explained that the care so required is of the highest degree.

2. The owner and operator of an elevator, like the common carrier of passengers, is not bound to use the highest degree of care for all who come to its stations, yet, when it holds out the invitation to "step aboard," its duty to afford the highest degree of care to him who accepts the invitation, and undertakes to step abroad, has begun.

*Howland, Moffet & Niman,* for plaintiff in error.
*E. J. Pinney* and *Herman J. Nord,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Benjamin F. Young brought suit against John Schaber.

Before the case was tried John Schaber died, and by order of the court the action was revived in the name of the present plaintiff in error, as defendant.

Trial was had to a jury, and plaintiff recovered.

The cause stated in the petition is that defendant owned an apartment house in the city of Cleveland the rooms and suites of which were rented out to various tenants. Plaintiff was a tenant of defendant in said building, occupying rooms on the fourth floor. Said apartment house was provided with a passenger elevator, operated by defendant and his servants, to convey tenants and those having business with them, up and down between the several floors of the building.

On the 21st of September, 1905, late in the afternoon, the plaintiff stepped through the doorway of said elevator into the elevator shaft, on the ground floor, and the elevator not being there, the doorway being unobstructed by any door guard or warning, and fell a considerable distance, and was severely injured.

He says in his petition that he was without fault, and that his injuries were caused wholly by the negligence of the defendant in not properly performing his duties in respect to such elevator, specifying the items of negligence.

The defendant denies, in his answer, that plaintiff was injured, but says if he was, his own negligence contributed to his injury.

. The result of the trial was a verdict and judgment for plaintiff below in the sum of $4,500.

By this proceeding in error, it is sought to reverse said judgment.

That the jury might well have found that the original defendant was negligent and that the plaintiff was not negligent we think is shown by the evidence. We do not mean that there may not be some doubt about one or both of these propositions; but that the jury might so find as to both, without finding against the manifest weight of the evidence.

The first claim urged by plaintiff in error in his brief is that excessive damages were allowed. We are not prepared to say that the amount of the verdict is such as to show passion or prejudice on the part of the jury. Within reasonable limits, the jury may fix such damages as to them seem the proper compensation for the injuries received.

Plaintiff was 64 years of age; was a shoemaker by trade and could earn $650 to $700 per year. There is evidence tending to show that his injuries are permanent and have practically destroyed his earning capacity. There was no evidence offered as to his expectancy of life or of continuance of earning capacity. He suffered much pain, and was put to expense for treatment on account of his injuries. No one can say in such a case just what is reasonable compensation, and though all reasonable men might say that a named amount is unreasonably high, or another named amount is unreasonably low, yet it can not be

doubted that reasonable men might vary considerably in the amount which ought to be allowed in a case like the present.

We do not feel justified in reversing the judgment for excessive damages.

Complaint is made that the court erred in its charge to the jury by the use of these words:

"It has been decided by our courts that an elevator owner and operator of an elevator stands in the same relation as a common carrier of passengers."

This fairly construed with the facts in the case and the charge generally, meant, and must have been understood by the jury to mean, that the elevator owner, or manager, owed the same duty to elevator passengers that is owed generally by common carriers of passengers to those whom they undertake to carry.

The court follows the words above quoted with a correct statement of what duty common carriers of passengers owe to such passengers.

The language used was in accordance with the holding of this court in the case of *The Cobb-Bradley Realty Co.* v. *Hare,* in an opinion announced by Judge Hale in February, 1903, and is in accordance with a large number of cases, cited by and quoted from in the brief of defendant in error.

In *Mitchell* v. *Marker,* 25 L. R. A., 35, Judge Lurton said:

"We see no distinction in principle between the degree of care required from a carrier of passengers horizontally, by means of railway cars or stage coaches, and one who carries them vertically by means of a passenger elevator. The degree of care required from carriers by railway or stage coach is the highest degree.

"Neither is an insurer, but in regard to each, care short of the highest degree, becomes, not ordinary care, but absolute negligence."

To the same effect are the following: *Shellenberger* v. *Fisher,* 143 Federal, 937; *Fox* v. *City of Philadelphia,* 208 Pa. St., 128; *Goodsell* v. *Taylor,* 41 Minn., 207.

There was no error in this part of the charge.

Counsel for plaintiff in error uses this language in his brief:

"We contend that it was erroneous for the trial court to state as a fact, that our courts have already decided a certain propo-

sition of law, when the question has not been passed upon by our courts here, so far as the reported cases disclose."

In using this language counsel overlook the fact that the jury were bound to take the law from the court as he gave it, and that they would be no more, and no less, bound so to take it, whether the court was, or was not supported by authority of any other court or of any text book.

It is urged, however, that the rule as to care due to passengers, whatever that care is, does not begin until one actually becomes a passenger by getting into the car or other vehicle in which he is to be carried, and that therefore this duty never arose in favor of the plaintiff below, because he never got into the elevator.

We think the position is not sound when applied to the facts of this case.

The only reason the plaintiff was not a passenger in the car, was, that when he stepped there, if the elevator platform was where the open door indicated that it was, he would have been in the elevator. The platform not being there was what caused him to fall. And though the carrier is not bound to use the highest degree of care for all who come to its stations, yet when it holds out the invitation to "step aboard" its duty to afford the highest degree of care to him who accepts the invitation, and undertakes to step aboard, has begun. If one were to take hold of the handle or rail provided to be taken hold of by him who is to take passage in a car, and that handle was so defective that it gave way without any unusual strain upon it, by reason of its rottenness or broken condition, the party seeking to board the train would have all the rights of the passenger.

Complaint is made of the court's definition of proximate cause. What the court said was, "By the proximate cause of the injury I mean that cause, which caused the injury, but for which the injury would not have occurred."

This language, taken in connection with what was said on the effect of contributory negligence, was neither erroneous nor misleading.

There is no error in the charge, nor in any part of the proceedings which would justify a reversal and the judgment is affirmed.