[L. A. No. 3455.   Department Two.—March 29, 1915.]

## GRAZIELLA M. CHAMPAGNE, Respondent, v. A. HAMBURGER & SONS, Incorporated (a Corporation), Appellant.

NEGLIGENCE—FALL OF ELEVATOR—PLEADING—GENERAL ALLEGATION OF NEGLIGENT OPERATION.—In an action to recover damages for personal injuries sustained by the plaintiff as the result of the fall of an elevator while she was being carried therein as a passenger, it is not essential to a cause of action for negligence in failing to properly operate the elevator that the particulars in which there was a failure to do so should be alleged. It is sufficient to allege that the fall was occasioned through the negligence of the defendant in failing to operate it and consequent injury to the plaintiff.

ID.—NEGLIGENCE—HOW PLEADED.—Negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent. But it must appear from the facts averred that the negligence caused or contributed to the injury.

ID.—EVIDENCE—INJURIES RESULT OF FALL OF ELEVATOR.—In this action the evidence is held sufficient to show that the injuries complained of were caused by the fall or jar of the elevator, and not by the action of fellow passengers in trampling upon the plaintiff in escaping from the elevator after it had fallen and while she was lying on the floor.

ID.—OVERCROWDING OF ELEVATOR—EVIDENCE ADMISSIBLE UNDER GENERAL ALLEGATION—DAMAGES RESULTING FROM TRAMPLING OF OTHER PASSENGERS.—Under the general allegation of negligence in the operation of the elevator and consequent injury, the plaintiff was entitled to show that the particular act of negligence consisted in the attempt of the operator to run it when it was overcrowded and overweighted with passengers, and to recover, as the proximate result of such negligent act, for personal injuries sustained by her in being trampled on by her fellow passengers in their frantic rush and struggle to leave the elevator at the end of the fall.

ID.—INTERVENING ACT OF THIRD PERSONS—CAUSAL CONNECTION BETWEEN NEGLIGENT ACT AND INJURY NOT INTERRUPTED.—Such intervening act of the crowd of passengers would not break the causal connection between the negligent act of operating the elevator in a crowded condition and the injuries sustained by the plaintiff, as such intervening act was one which might have been foreseen as likely or probable to occur as the result of the original negligence.

ID.—OPERATOR OF PASSENGER ELEVATOR A COMMON CARRIER OF PASSENGERS—EXTENT OF DUTY TO PASSENGERS.—A person or a corporation operating passenger elevators are to be treated as common

carriers of passengers, and the same duties and responsibilities rest on them as to care and diligence as on the carriers of passengers by stage coach or railway; though not insurers of the absolute safety of passengers, they are bound to the utmost care and diligence of very cautious persons as far as human care and foresight can go and are responsible for injuries occasioned by the slightest neglect against which human care and foresight might have guarded.

ID.—PROPRIETOR OF DEPARTMENT STORE—NOT A CARRIER OF PASSENGERS WITHOUT REWARD.—The proprietor of a department store, who operates an elevator therein to carry customers or prospective customers from one floor of the store to another for the purposes of trade, is not a carrier of passengers without reward, so as to limit his duty to the use of ordinary care and diligence for their safe carriage.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—LACK OF DILIGENCE.—A motion for a new trial, based on the ground of newly discovered evidence, is properly denied, where the moving party was in possession of information long prior to the trial whereby in the exercise of ordinary diligence it could have obtained the testimony of the nonresident witnesses in question, and had actually obtained from such persons full information as to the matters they would testify to, several days before the trial was finished, and omitted to ask for a continuance until their testimony could be procured.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. H. C. Gesford, Judge presiding.

The facts are stated in the opinion of the court.

John Murray Marshall, Gurney E. Newlin, and Roy V. Reppy, for Appellant.

E. B. Drake, for Respondent.

LORIGAN, J.—This action was brought to recover damages for personal injuries sustained by plaintiff in an elevator accident which occurred in the department store of the defendant in the city of Los Angeles. The elevator was operated by the defendant to convey passengers to and from the various floors of its department store. On April 6, 1912, plaintiff entered the elevator on the fifth floor to go to the third floor for the purpose of purchasing some curtains. A number of passengers were already in the elevator when plaintiff and others entered at the fifth floor so that the car when it commenced its descent was in a packed or crowded

condition.   The car moved downward normally until it was approaching toward the third floor, when it was suddenly precipitated from said floor into the basement and the injuries suffered by plaintiff are claimed to have resulted through such fall.   The jury returned a verdict in favor of the plaintiff for four thousand five hundred dollars' damages and from the judgment in her favor so rendered defendant appeals and appeals also from an order denying its motion for a new trial.

While defendant denied the alleged negligence which occasioned the accident, it is not claimed on this appeal but that the evidence fully sustained the fact that the accident was due to its negligence.

The points made for a reversal by appellant are that the court erred in not sustaining its special demurrer to the complaint; that the evidence is insufficient to support the verdict in that it does not appear therefrom that the injuries sustained by plaintiff were occasioned by the fall of the elevator; that the court erred in giving certain instructions to the jury and in refusing to give certain other instructions tendered by appellant; and further abused its discretion in refusing a new trial to appellant based on newly discovered evidence.

As to the ruling on the demurrer.   The complaint among other allegations, including one that the plaintiff was a passenger on the elevator, alleged as to the accident "that it was caused alone by the negligence of the defendant in failing to properly operate said elevator and in negligently failing to have proper clamps and appliances therefor for the purpose of catching said elevator if it started to drop, and in negligently failing to have said elevator properly supported by sound wire cables, and by reason of said negligence said elevator fell as aforesaid."   The claim of the appellant is that as far as the allegations charged negligence in a failure to properly operate said elevator, the particulars in which there was a failure to do so should have been alleged. But this is not the rule in this state where, as it is said in *Smith* v. *Butter*, 90 Cal. 96, [27 Pac. 29]: "It is well settled that negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent.   But it must appear from

the facts averred that the negligence caused or contributed to the injury.''

Here the plaintiff alleged that while she was a passenger in an elevator operated by the defendant it fell several stories to the bottom of the elevator shaft; that such fall was occasioned through the negligence, among other things, of the defendant in failing to properly operate it and consequent injury to her therefrom. This statement of negligence in operation made in general terms was all that was required. It was not necessary to set forth the particular acts or omissions which constituted negligence. While the rule in this respect is general it has particular application in a case such as is presented here where the injuries arose while the relation of passenger and common carrier existed and the liability of the defendant is measured by the duties and responsibilities that arise from such relation. The wisdom of the rule requiring only an allegation of negligence in general terms where an accident occurs to a passenger in the operation of the instrumentalities provided for his carriage will be found, considered, and its application in such cases sustained in *Stephenson* v. *Southern Pacific Co.*, 102 Cal. 143, [34 Pac. 618, 36 Pac. 407], and no further discussion of the matter is necessary.

As to the claim of the insufficiency of the evidence to sustain the verdict. This is addressed solely to the subject of the injuries sustained by plaintiff. Appellant insists that it does not appear from the evidence that these injuries were caused solely by the fall or jar of the elevator but, on the contrary, were in all probability caused by the action of fellow passengers in trampling upon plaintiff in escaping from the elevator after it had fallen and while she was lying on its floor. The evidence shows that plaintiff was standing near the door of the elevator when it struck the basement and that the elevator was crowded with passengers. Immediately after the car fell the crowd, panic-stricken, pressed toward the door of the elevator, pushed aside the operator, opened it and rushed out. Although plaintiff when the elevator fell testified that she was hurt by its jar she did not then realize the extent of her injuries. She did not immediately fall down, being, as she testified, held up by the crowded condition of the elevator. When that condition relaxed as the crowd rushed out she did fall, being unable

on account of injuries to her legs to support herself. When she fell she commenced to crawl out of the elevator and while doing so she testified that some of the crowd in rushing out stepped on and ran over her and that there was an abrasion of the skin on the lower part of her left leg occasioned, she thought, by some one of them stepping on it. Upon this testimony as to what occurred to plaintiff in the rush of the crowd the appellant bases its claim of the insufficiency of the evidence to sustain the verdict. The reasoning of its counsel in that connection is that as the plaintiff in her complaint based her right of recovery solely on the ground that her injuries were occasioned by the fall of the elevator due to its negligent operation or negligent construction or maintenance with respect to broken and insufficient cables she could only recover where a clear preponderance of the evidence showed that her injuries proceeded from either of such causes alone; that plaintiff was not entitled to recover if in fact her injuries were the result of being trampled on by the outrush of the passengers because he contends that such injuries would not have proceeded from the fall of the elevator but from the negligence of the defendant in operating the elevator in a crowded condition, a ground of negligence which was not alleged in the complaint. Appellant does not question but that if the injuries sustained by plaintiff through the acts of her fellow passengers in rushing out of the elevator were the proximate result of the negligent operation of the elevator, the defendant would not be liable, but only that there is no allegation in the complaint on that subject or charging negligence on that ground. But without discussing just now the accuracy of the legal proposition advanced it is to be said that the plaintiff did not claim nor does the evidence show that she received any injuries (save in one trifling particular presently to be mentioned) from the action of her fellow passengers. She testified that the pains she felt immediately after the accident were in her right arm, in her legs, and in her abdominal region. The injuries to her arm and right leg, which consisted simply of strains, were only temporary and she had readily and fully recovered therefrom long before the trial commenced. The injuries of which she made complaint on the trial were a permanent injury to her left knee proceeding from a tearing or overstretching of the *ligamentum patella,* rendering that knee

unable to sustain the superincumbent weight of the body upon it; also a permanent displacement or retroversion of the womb; and the pain and suffering endured by plaintiff while confined to her bed under medical treatment as a result of such injuries. The physicians examined on behalf of defendant testified that these injuries could be and were usually produced from a fall or jar as plaintiff had sustained them from the fall or jar of the elevator. There was no evidence produced in the case that an examination by physicians immediately after the accident or at any other time disclosed any wounds or bruises upon her knee or abdomen. Nor is there a particle of evidence in the case produced on the part either of plaintiff or defendant that stepping on the plaintiff by her fellow passengers could cause a permanent wrench or strain of the *ligamentum patella* or a retroversion of the uterus. The testimony of the plaintiff that some of the other passengers stepped on her in their struggle to get out is the only testimony on the subject given in the case and it is quite evident that this matter was mentioned by her simply in her narrative of all that occurred at the time of the accident. She did not claim that she suffered any injury thereby or base any right to damages therefrom. There is nothing in the testimony introduced by defendant suggesting that the injuries to plaintiff might have been occasioned through the conduct of her fellow passengers. In fact, the position of the defendant was that there was no injury at all to the left knee of plaintiff and as to the retroversion of the womb that this was a condition common to women of the age of the plaintiff who have, as she had, borne several children and would become cured in the course of time. It is true that plaintiff testified that among other results of the accident was a slight wound on the lower part of her left leg which she thought was received by some one stepping on it. But this was a mere superficial bruise which had doubtless healed long prior to the trial and which when received amounted to nothing. A physician called for defendant who examined the plaintiff immediately after the accident testified that he saw this bruise and put a dressing on it; that this injury was so slight that there was nothing to it and he had dismissed it from his mind.

But assuming that the testimony of the plaintiff showed that the pains and suffering she underwent for a long period

after the accident in a measure proceeded from injuries sustained through the action of her fellow passengers, or that even all her injuries might be attributable to that cause, still we think plaintiff was entitled to recover therefor under her complaint. While she charged negligence on the part of the defendant in failing to properly operate the elevator and also in failing to provide proper appliances to control it, the evidence warranted the jury in finding that the fall of the elevator was occasioned solely through overweight arising from its crowded condition; that its fall proceeded from negligence of the operator in attempting to operate it in that condition. This being true, if the jury were warranted in a further finding that the injuries sustained by plaintiff, though occasioned through the action of fellow passengers in rushing out of the elevator, were the proximate result of the negligent operation of the elevator in such overcrowded condition causing its fall, then appellant was responsible therefor. It is of no moment that plaintiff did not particularly charge in her complaint that her injuries were sustained as a result of the operation of the elevator in its crowded condition. Not being required to charge the particular act constituting negligence in the operation of the elevator she could rely on any act which in fact constituted it and from which her injuries proceeded as a proximate result. The proximate cause, as defined generally, is the cause which led to what might naturally and probably be expected to produce the result. Here, of course, the contention of appellant is that the injuries of the plaintiff were not caused by the fall of the elevator but by the intervening act of the crowd in rushing over her. But the intervening act of the crowd would not break the causal connection between the negligent act of operating the elevator in a crowded condition and the injuries sustained by plaintiff, if such intervening act was one which might have been foreseen as likely or probable to occur as the result of the original negligence. If it was, the causal connection was not broken and the appellant would be responsible for the consequences of the intervening act as the proximate result of the original negligence. It needs no discussion to point out that where there is a sudden fall several stories to the bottom of its shaft of a crowded elevator the natural and probable result would be that its occupants would be overcome with sudden fear and fright; that there would

be immediately created a condition of panic under which the natural tendency of the crowd would be to rush and struggle to get out, and that some, more particularly the weaker, might fall or be thrown down and involuntarily injured in the struggle; this might be expected as a natural consequence.

It may be mentioned here that plaintiff tendered instructions on the theory that the injuries arose solely from the conduct of plaintiff's fellow passengers and to the effect that if the jury so found they should return a verdict for the appellant. The court refused to so instruct but, on the contrary, instructed the jury that if they found from the evidence that such injuries were the proximate result of the fall of the elevator plaintiff might recover therefor. Error is assigned on both the refusal of the court to give the instructions tendered by the appellant and in giving those as to proximate cause, but for the reasons we have given we are satisfied the action of the court was correct in both particulars.

It is next insisted that the court erred in its instructions to the jury as to the duties and responsibilities of persons or corporations operating passenger elevators. The court instructed the jury that such persons or corporations are to be treated as common carriers of passengers and that the same duties and responsibilities rest on them as to care and diligence as on the carriers of passengers by stage coach or railway; that though not insurers of the absolute safety of passengers they "are bound to the utmost care and diligence of very cautions persons as far as human care and foresight can go and are responsible for injuries occasioned by the slightest neglect against which human care and foresight might have guarded." It is not questioned but that this instruction correctly announces the doctrine as to the responsibility of a common carrier of passengers. The claim only is that this rule does not apply to the operation of passenger elevators. But it was expressly held by this court in *Treadwell* v. *Whittier,* 80 Cal. 574, [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266], that as to a passenger elevator operated and used just as the one here was for the benefit of customers of a store that the same rule of responsibility attaches as applies to common carriers of persons. It is not necessary to further refer to that case save to say that it fully discusses the matter and clearly points out the reason

the same rule of responsibility should govern as to passenger elevators which applies to carriers of persons by stage coach or railway and sustains the correctness of the instruction as given in the case at bar.   It is true, as pointed out by counsel for appellant, that a different rule is announced in a few other jurisdictions, *Griffen* v. *Manice,* 166 N. Y. 197, [82 Am. St. Rep. 630, 52 L. R. A. 922, 59 N. E. 925]; *Edwards* v. *Manufacturers Building, Co.,* 27 R. I. 248, [114 Am. St. Rep. 37, 8 Ann. Cas. 974, 2 L. R. A. (N. S.) 744, 61 Atl. 646]; *McCracken* v. *Meyers,* 75 N. J. L. 935, [16 L. R. A. (N. S.) 290, 68 Atl. 805]; and *Burgess* v. *Stowe,* 134 Mich. 204, [96 N. W. 29].   In those cases it is held that the same measure of responsibility as is imposed on stage coaches or railway companies does not apply to the owners of passenger elevators; that as to the owners of such elevators they are only required to exercise ordinary care for the safety of their passengers.   The New York case is the leading case holding to this doctrine and is quoted as authority for the similar conclusions reached by the other courts referred to.   They concede that a different rule—the rule of *Treadwell* v. *Whittier*—prevails not only here, but in other jurisdictions.   It is not necessary to do more than refer to those cases relied on by appellant and say that they all lay down a radically different rule than what prevails in this state as announced in the Treadwell case.   But while the courts in these particular jurisdictions have not agreed with the rule laid down in *Treadwell* v. *Whittier,* it does not disturb us in our belief that that case lays down the correct doctrine as to responsibility.   This Treadwell case appears to be the principal and leading case which fully considers, discusses, and determines the degree of care exacted of owners of passenger elevators and declares it to be the same as that which applies to common carriers.   This case has been followed in a majority of the jurisdictions where the direct question has arisen as to the degree of care exacted of owners of passenger elevators and the rule announced in it is generally accepted as sustained by the weight of authority.   (3 Shearman & Redfield on Negligence, 2d ed., sec. 319a; 1 Hutchinson on Cariers, 3d ed., sec. 100; 1 Thompson Commentaries on the Law of Negligence, sec. 1078; Ray on Negligence of Imposed Duties, p. 308; 1 Fetter on Carriage of Passengers, p. 550; 10 Am. & Eng. Ency. of Law, 2d ed., p. 946; 6 Cyc., p. 596.)

Appellant contends, however, that the doctrine of *Treadwell* v. *Whittier* cannot apply in the case at bar because, as claimed, the carriage of passengers in the elevator of appellant was without reward and it is declared by section 2096 of the Civil Code that "A carrier of persons without reward must use ordinary care and diligence for their safe carriage." Hence, in the present case it is asserted that the appellant was not bound by the same rule of responsibility as carriers of persons for reward or hire. But if the appellant in the operation of its passenger elevator was a carrier of persons without reward so was the appellant in the Treadwell case, as the respondent there, as here, was a customer riding in it when it fell. It is true, as claimed by counsel here, that this section 2096 is not discussed in that case. But the principal point considered there was the rule of responsibility and it is hardly to be conceived, considering the ability of counsel who represented appellant in the Treadwell case, that if they thought there was any merit in this present point as applying in that case, where it would have applied as pertinently as here, they would not have made it. We do not think, however, the point has any merit because in our judgment the appellant was not operating its elevator as a carrier of persons without reward. Reward does not necessarily import that there must be a fare paid for carriage in a passenger elevator in order to constitute the owner thereof a carrier of persons for hire. The rule is laid down that an elevator which is operated for the use of the tenants of an office building and their visitors is a carrier of persons for hire, the rental paid by the tenants being a compensation or reward for which the owner undertakes to carry them and their visitors by elevators. And the same rule applies with reference to elevators operated in hotels or apartment houses. (10 Am. & Eng. Ency of Law, 2d ed., p. 946.) In this age of lofty buildings, erected at vast expense for office purposes or devoted to hotel or apartment houses the owners would be unable to rent or use them for those purposes unless elevators were operated therein. The benefits or advantages which the owners of office buildings with elevator service derive through rental from their tenants or the proprietors of hotels or apartment houses derive from their guests or occupants through such installed service is a sufficient compensation or reward to constitute them car-

riers of passengers for hire as to such tenants, guests, oc-
cupants, or their visitors for whose benefit the elevator is
operated. We perceive no reason why this should not equally
apply to the proprietor of a department store operating an
elevator to carry customers or prospective customers from
one floor of the store to another for the purposes of trade.
In no sense is the elevator carriage which he provides for
that purpose a service without reward—gratuitous service.
A department store covering seven floors as it appears from
the evidence that of appellant does, could not expect the
patronage which an enterprise of that extent must receive in
order to be profitable without providing an elevator service,
giving ready access to customers to its various floors. The
reward of the appellant was the benefit, advantage, and profit
to it in trade derived from purchasers or prospective pur-
chasers using the elevator in dealing with it. Naturally this
facility of transportation would increase its patronage and
necessarily its profits in business. In fixing the price at
which its goods and merchandise must be sold so as to return
a profit, necessarily the operating expenses of the establish-
ment, including this elevator service, must be taken into
consideration and provided for. The prices charged and
paid by customers for goods would include a reimbursement
to appellant for its expenses entailed in the operation of
the elevator for its patrons, and hence would constitute a
sufficient reward for their carriage so as to bring appellant
within the category of a carrier of passengers for hire and
subject to the same duties and responsibilities.

Complaint is made by appellant of the refusal of the court
to grant a new trial based on alleged newly discovered evi-
dence consisting of testimony which it was claimed would
be given by two physicians who had treated plaintiff in the
city of Portland some three years before the accident while
she resided there. The ruling of the court was correct.
Aside from other reasons which justified it, it appears that
appellant was in possession of information long prior to
the trial whereby in the exercise of ordinary diligence it
could have obtained the testimony of these witnesses. Aside
from this, however, the appellant had actually obtained from
these physicians full information as to the matters it ex-
pected they would testify to, several days before the trial
was finished and if it deemed their testimony important

should have applied for a continuance (which it did not) until it could be procured. (*Berry* v. *Metzlar*, 7 Cal. 418; *Klockenbaum* v. *Pierson*, 22 Cal. 160; *Scanlon* v. *San Francisco etc. Ry. Co.*, 128 Cal. 586, [61 Pac. 271].)

The judgment and order appealed from are affirmed.

Henshaw, J., and Melvin, J., concurred.