## No. 11,175.

### DAVIS, ET AL. *v.* COLORADO SAVINGS BANK.

Decided January 11, 1926.

Action for death of a person resulting from a passenger elevator accident. Judgment of dismissal.

### *Reversed.*

1. COMMON CARRIERS—*Passenger Elevators.* Passenger elevators for the purpose of fixing the legal relation between passengers in the lawful use thereof and the owner or operator, are generally grouped in the common carrier class.

2. *Elevators—Passengers for Hire.* Passengers in an elevator maintained and operated in a public office building for use of the tenants and their visitors, are passengers for hire.

3. *Passenger Elevators—Death—Statutes.* Passenger elevators in office buildings are intended to be included within the term "other public conveyance" as used in section 6302, C. L. '21, concerning liability for death of persons injured in public conveyances.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. J. C. YOUNG, for plaintiffs in error.

Messrs. DANA, BLOUNT & SILVERSTEIN, for defendant in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

MINNIE DAVIS, et al., plaintiffs in error, sued the Colorado Savings Bank, defendant in error, for alleged negligence resulting in the death of Anna M. Hardesty. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and plaintiffs elected to stand on their complaint, whereupon the complaint was dismissed. Plaintiffs excepted and bring error.

The complaint alleges, inter alia, that the defendant was the owner of an office building in Colorado Springs and rented the rooms on the upper floors for office purposes; that it maintained and operated a public conveyance, generally known as a passenger elevator, running from the lobby to the top floor of the building for the use of the tenants and such persons as were desirous of gaining access to such offices or having business with the tenants; that the deceased, Anna M. Hardesty, had business with one of the tenants who was paying rent to defendant for office rooms on one of the upper floors of the building and for the privilege of having the public generally, including deceased, carried to the offices of the tenant; that while deceased was using the elevator in the way that the public, including deceased, had a right to use it, she was killed while a passenger on the elevator; that her death was caused by defects in the elevator and its equipment and also by the carelessness, unskillfulness and negligence of

the elevator pilot employed by defendant, the complaint specifying particular acts of carelessness and negligence. Plaintiffs allege that they are the three children and sole and only heirs of deceased. They claim that they are entitled to recovery under C. L. 1921, section 6302. The section, so far as it is material to a consideration of the demurrer, reads: "Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent,˙servant or employe, whilst running, conducting or managing any locomotive, car or train of cars, or of any driver of any coach or other public conveyance whilst in charge of the same as a driver, and when any passenger shall die from any injury resulting (from) or occasioned by any defect or insufficiency in any railroad or any part thereof, or in any locomotive or car, or in any stagecoach, or other public conveyance, the corporation, individual or individuals in whose employ any such officer, agent, servant, employe, master, pilot, engineer or driver shall be at the time such injury is committed, or who owns any such railroad, locomotive, car, stage coach or. other public conveyance at the time any such injury is received, and resulting from or occasioned by defect or insufficiency above described, shall forfeit and pay for every person and passenger so injured the sum of not exceeding five thousand dollars, and not less than three thousand dollars, which may be sued for and recovered: By * * *" etc.   (Here follows provision by whom suit may be brought.)

The next section reads: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured." C. L. 1921, section 6303.

The question presented is solely one of statutory construction. The briefs raise no question of any alleged omission or defect in the complaint as stating a cause of action for damages for supposed negligence except the debate between counsel for the respective litigants, as to whether an elevator in an office building is a "public conveyance" within the meaning of section 6302, so as to give plaintiffs the benefit of this section. Plaintiffs assume the affirmative; defendant the negative. The trial court's ruling on the demurrer indicates its agreement with the defendant.

Our statute above quoted was copied from the Missouri act on the subject of damages. *A. T. & S. F. R. R. Co. v. Farrow*, 6 Colo. 498, 506. Ours was adopted March 7, 1877. The parts of the Colorado statute above quoted have not been modified by subsequent amendments; they stand as originally enacted, the word "from" after the words "any injury resulting", being erroneously omitted in C. L. 1921, section 6302, as will be observed by a comparison with Laws 1907, page 296, section 1, from which section 6302 was intended to be copied.

We have not followed and do not need to follow the various amendments to the Missouri statute, but remark that R. S. Mo. 1919, section 4217, is similar to Colo. Comp. Laws 1921, section 6302; both statutes contain the word "car", "pilot", and "other conveyances"; neither contain the word "elevator", and in that state, under their statute, an action lies to recover damages on account of the death of a passenger in an elevator in an office building. *Williams v. Short* (Mo. App.), 268 S. W. 706. No question was there raised as to the propriety of including elevators in the term "other public conveyance"; it appears to be commonly accepted in that state as so applying and this is consonant with the reasoning of the Missouri cases involving personal injuries in elevators.

Mr. Justice Helm, in the above case of *A. T. & S. F. R. R. v. Farrow*, 6 Colo. 498, at page 506 of the opinion, pointed out that section 1 of our statute (C. L. 1921, section 6302)

relates to common carriers, while section 2 (C. L. 1921, section 6303) includes other corporations and individuals, and as said in that case: "They (the legislature) desired to impose a different liability upon common carriers from that resting upon all other persons, and chose this way of doing it."

Taking the above section 6302 as applying to common carriers, as indicated in the *A. T. & S. F. R. R. Co.* case cited, one test in determining whether passenger elevators in office buildings are public conveyances might be: Are the owners or managers thereof common carriers as to persons lawfully using such passenger elevators, and is there any incongruity or clash of ideas in associating the subject of elevators as a means of public conveyance, in the same section with such common means of transportation as railroads and the like?

This classification in the same section appears to be a natural and proper one. The weight of authority is that passenger elevators, for the purpose of fixing the legal relation between the passengers in the lawful use thereof and the owner or operator, are generally grouped in the common carrier class. 10 C. J., page 609, section 1036; *Treadwell v. Whittier,* 80 Cal. 574, 595, 22 Pac. 266, 5 L. R. A. 498, 13 Am. St. Rep. 175; *Champagne v. Hamburger & Sons,* 169 Cal. 683, 147 Pac. 954; *Williams v. Short, supra; Orcutt v. Century Co.,* 201 Mo. 424, 99 S. W. 1062, 8 L. R. A. (N. S.) 929; *Tippecanoe Loan and Trust Co. v. Jester,* 180 Ind. 357, 101 N. E. 915, L. R. A. 1915E, 721; *Dibbert v. Metropolitan Inv. Co.,* 158 Wis. 69, 147 N. W. 3, 148 N. W. 1095, L. R. A. 1915D, 305, Ann. Cas. 1916E, 924; Bouvier's Law Dictionary (3d Ed.), p. 1000, under the word "elevator", citing cases from Minnesota, Alabama, Washington, Missouri Pennsylvania, Nebraska, and Illinois; Taft, J., in *Marker v. Mitchell* (U. S. Cir. Ct. Ohio), 54 Fed. 637.

It was said in *Williams v. Short, supra:* "It is well to remember that the building in question, as shown by the evidence, was a public office building, and it has been held

that one who rides in an elevator in a store, hotel, or public office building is a passenger for hire because the compensation is the rental paid by the tenants and for which the operator of the building undertakes to carry such tenants and their visitors by the elevator."

Though privately owned, the building mentioned in *Williams v. Short* was five stories high, containing rented offices, and is referred to by the court in the above case as a "public office building," it being a building in general use for the tenants and their visitors.

That such passengers are passengers for hire: *Champagne v. Hamburger & Sons, supra;* 10 C. J., p. 610, sec. 1036; *Kelly v. Lewis Inv. Co.,* 66 Ore. 1, 133 Pac. 826, Ann. Cas. 1915B, 568.

The idea is summarized in 10 C. J., p. 609, sec. 1036, in these words: "The owner or manager of a passenger elevator used in a building for the transportation of tenants and others is not in the full sense of the term a common carrier of passengers. However, with reference to the safety of the passengers on an elevator a similar degree of care is usually required of the owner or manager as is exacted of other passenger carriers, and with this idea in view it has been held in many cases that such an owner or manager is a common carrier of passengers as to persons using the elevator; and it has been held further that, where the landlord in consideration of the payment of the rent agrees to carry the tenant, his customers, and guests, in a passenger elevator, he is a carrier for hire."

In *Colorado Mortgage Co. v. Rees,* 21 Colo. 435, 42 Pac. 42, a damage suit for injuries sustained in an elevator in an office building, though the expression "common carrier" is not there used, the owner or operator of the elevator was held under obligation to use "that high degree of care that the business demands" (p. 440) and the "utmost care and diligence"; in other words, a degree of care similar to that generally imposed on common carriers. See also 9 R. C. L., sec. 15, p. 1249, pointing out that the danger from negligence in the vertical propulsion of passengers is as

great if not greater than in the case of horizontal transportation, and as said by Webb on Elevators, page 3, those who carry vertically incur the greater danger of opposing the inexorable law of gravitation and should therefore exercise as much if not greater care.

Our reference to the subject of common carriers and the degree of care imposed upon them, is not for the purpose, at this stage of the proceeding, of furnishing any rules or definitions relating thereto, except in their bearing upon the sole question as to whether passenger elevators in office buildings are intended to be included within the term "other public conveyances" in C. L. section 6302, and our conclusion will be limited to the determination of this one point. We have referred to the views of courts and text writers only to indicate the harmony of the classification of elevators with the other means of public conveyance alluded to in the statute.

In *Colorado Mortgage and Investment Co. v. Giacomini*, 55 Colo. 540, 560, 136 Pac. 1039, L. R. A. 1915B, 364, a suit for damages on account of the negligent operation of an elevator in a hotel, it was said that when the owner leases the place, he knows that an invitation is held out to the public to enter therein; that a general license is given to all persons to enter for lawful and accustomed purposes and that his profit is indirectly derived from the custom of the traveling public.

Comparing passenger elevators in office buildings with railroads as public conveyances, it may be said that ordinarily there is a more open and unrestricted invitation to the general public to become passengers in such elevators than in the case of railroads, where the possession of a ticket or pass is usually a requirement of admission, and we do not doubt that the daily use of such elevators by the traveling public as a whole, ascending and descending with short, quick trips, in many instances repeatedly on the same day, equals if it does not greatly exceed the number of passengers carried in railroad coaches and other means of public conveyance during the same time. We are not

disposed to give such a narrow construction to this statute concerning negligence that it will deprive injured parties of the remedies that we believe the legislature intended should accrue to them.

It is our opinion that passenger elevators in office buildings. are within the purview of C. L. 1921, section 6302, and that defendant's demurrer should have been overruled.

We are sorry that counsel for plaintiffs failed to furnish us with a reply to defendant's brief. The question presented being a new one in this state in its application to the above statute, and of importance to the profession, we have as a consequence been led to engage in considerable independent research aside from the briefs in our desire to establish what we believe to be a correct precedent in the interpretation of the above statute.

The judgment of the district court is reversed with directions to overrule the demurrer.

MR. JUSTICE CAMPBELL not participating.