CLASS v
YOUNG WOMEN'S CHRISTIAN ASSN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13351. Decided Feb 29, 1934

James E. Mathews, Cleveland, for plaintiff in error.

J. R. Kistner, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

The single question before us is one of law, namely, was there sufficient evidence adduced by plaintiff to require the submission of the case to the jury?

Though the mere fact of injury does not give rise to a presumption of negligence, the accompanying facts and circumstances may call into operation the doctrine of res ipsa loquitor—a rule of evidence which arises from probabilities reasonably inferred from the character of the accident itself, which in the ordinary course of events would not have happened had due care been exercised.

This rule of res ipsa loquitor is not a substantive rule of law but rather a rule of evidence which permits the jury to draw an inference of negligence from the mere happening of an accident where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurred under circumstances where, in the ordinary course of events, it would not have occurred had ordinary care been observed. **Glowacki v Northwestern Ohio R. & Power Co., 116 Oh St 451.**

Where the res ipsa loquitor rule is applicable it permits, but does not compel a recovery.

"Where that which causes an injury is under the management and control of the defendant and the accident is such as in the ordinary course of things does not happen if those who have the management and control use proper care, it furnishes reasonable evidence, in the absence of explanation that the accident is the result of the want of care. This rule is peculiarly applicable to an injury arising from the falling of an elevator. 9 R.C.L. 1259."

Treadwell v Whittier, 80 Cal. 574, 22 Pac. 266, 13 A.S.R. 175, 5 L.R.A. 498.

Hartford Deposit Co. v Sollitt, 172 Ill. 222, 50 NE 178, 64 A.S.R. 35.

Springer v Ford, 189 Ill. 430, 59 NE 953, 82 A.S.R. 464, 52 L.R.A. 930.

Goodsell v Taylor, 41 Minn. 207, 42 NW 873, 16 A.S.R. 700, 4 L.R.A. 673.

Orcutt v Century Bldg. Co., 201 Mo. 424, 99 SW 1062, 8 L.R.A. (N.S.) 929.

Griffin v Manice, 166 N. Y. 188, 59 NE 925, 82 A.S.R. 630 and note, 52 L.R.A. 922.

Kelly v Lewis Inv. Co., 66 Ore. 1, 133 Pac. 826, Ann. Cas. 1915 B 568.

Edwards v Manufacturer's Bldg. Co., 27 R. I. 248, 61 Atl. 646, 114 A.S.R. 37, 8 Ann. Cas. 974 and note, 2 L.R.A. (N.S.) 744.

Notes: 50 Am. Rep. 560; 6 A.S.R. 794; 113 A.S.R. 1030; 13 L.R.A. (N.S.) 619, 29 L.R.A. (N.S.) 816.

In the case at bar the plaintiff, as an invitee, had used the elevator in the usual way and for no ascertainable reason the elevator had suddenly risen.

We can see no logical distinction between a falling elevator and an ascending elevator. In the case of a falling elevator it is well settled law that an inference may be drawn from the mere accident itself and requires a submission of the case to the jury upon the mere showing that the elevator fell. In the case of an ascending elevator where it is shown, as it was in this case, that in its normal operation the opening of the door would cause the elevator to remain immobile, and that notwithstanding the fact that the door remained open that the elevator ascended and caused the injury, the same logical inference may be drawn, namely, that since the elevator is under the exclusive management and control of the defendant and the accident in the ordinary course of events would not have happened had due care been exercised, that it was so caused due to some defect in construction of the elevator or to lack of care in its maintenance.

In the case of Gage v Waldorf Hotel Co., 152 N. Y. Supp. 1019, the plaintiff proved the fall of the elevator and rested. The defendant then offered evidence of the making of careful inspection and the evidence of defect. Quoting from the opinion the court held:

"It follows that in the absence of proof of some extraordinary circumstances, it is a fair inference that failure to control the elevator was due either to the negligence

of the operator or to a defect in the appliance. A defect in an elevator rendering it uncontrollable does not ordinarily arise if the defendant uses that degree of care in its inspection which may reasonably be expected of a hotel keeper who invites his guests to use it; hence a fair inference arises that the accident would not have occurred if the defendant had used due care in the operation and inspection of the elevator."

It seems evident that while the plaintiff opened the elevator door and was in physical charge of same he cannot be legally deemed in possession or control of the instrumentality. The act of plaintiff in opening the elevator door did not place him in possession and control of the instrumentality. He had a right to depend upon the normal operation of this type of car which called for the same to remain immobile while the door was open.

In our opinion a clear case for the application of the doctrine of res ipsa loquitor is presented and it follows that the trial court was in error when it directed a verdict for the defendant.

Judgment reversed and cause remanded for further proceedings according to law.

LIEGHLEY, PJ, concurs in judgment.
McGILL, J, dissents.