## GAGE v. WALDORF ASTORIA HOTEL CO.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. CARRIERS ☞316—INJURY TO PASSENGER—PRESUMPTION OF NEGLIGENCE.
   To rebut the inference of negligence from the fact that its elevator fell, defendant innkeeper did not need to show the exact cause of the accident, but was required to show freedom from negligence as to all probable cause.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285-1294; Dec. Dig. ☞316.]

2. CARRIERS ☞316—INJURY TO GUEST—FALL OF ELEVATOR—PRESUMPTION OF NEGLIGENCE.
   An elevator not being normally a dangerous instrumentality, the presumption is that a failure to control it was due either to the negligence of the operator or a defect in the appliance itself; hence the presumption of negligence in operation or inspection from the mere fact of its falling.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285-1294; Dec. Dig. ☞316.]

3. CARRIERS ☞318—FALL OF ELEVATOR—PRESUMPTION OF NEGLIGENCE—REBUTTAL—DISMISSAL OF COMPLAINT—EVIDENCE.
   In an action by a guest against an innkeeper for injuries received when the hotel elevator fell, to justify a judgment of dismissal, the evidence should have shown care so conclusively that the only fair inference was that the accident was one that cannot be guarded against by ordinary care.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307-1314; Dec. Dig. ☞318.]

4. CARRIERS ☞318—FALL OF ELEVATOR—PRESUMPTION OF NEGLIGENCE—REBUTTAL—SUFFICIENCY OF EVIDENCE.
   In an action against an innkeeper for injuries received by a guest, caused by the falling of an elevator, evidence *held* insufficient to rebut the

inference of defendant's negligence arising from the mere occurrence of the accident.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. ☞318.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Caroline B. Gage against the Waldorf Astoria Hotel Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN and HENDRICK, JJ.

Winter & Winter, of New York City (Keyes Winter, of New York City, of counsel), for appellant.

Nadal, Jones & Mowton, of New York City (Bernard G. Barton, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff was injured by the fall of an elevator operated by the defendant in its hotel.   It appears that the plaintiff entered the elevator with a number of other persons upon the invitation of the defendant; that when the elevator reached the floor where the passengers desired to alight the operator failed to stop; that the elevator first went up too far; then dropped down, and finally fell to the bottom.   The trial justice held that the circumstances surrounding the accident were sufficient to allow the reasonable inference that the elevator would not have fallen if it had been operated and maintained with due care.   Thereafter the defendant showed that the elevator was inspected after the accident; that at that time the entire appliance, including the brakes, acted properly; and that it inspected the elevator at reasonable intervals.   The operator also testified that at the time of the accident he operated the elevator in the usual and customary manner, and that he could not stop it or prevent its fall.   Upon this testimony, the trial justice dismissed the complaint.

[1, 2]   The plaintiff now contends that this evidence did not conclusively rebut the inference of negligence that would be reasonably raised from the surrounding circumstances.   This inference or presumption arises from the fact that such an accident would not ordinarily happen under the circumstances testified to if the required degree of care had been used.   To rebut this inference the defendant need not show the exact cause of the accident, but it must show that it was not negligent in regard to all probable cause.   Sweeney v. Edison Electric Illuminating Co., 158 App. Div. 449, 143 N. Y. Supp. 636.   In other words, since the circumstances surrounding the accident are sufficient to show that the accident would not ordinarily occur, except through the defendant's negligence either in the operation or maintenance of the elevator, even though the exact cause of the accident cannot be shown, the inference of negligence which may be drawn from such circumstances can be rebutted only by proof of the cause of the accident, and that such cause was not due to negligence on defendant's part, or by such proof of actual care on the part of the defendant as will show

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that, whatever may have been the cause of the accident, it cannot be ascribed to any negligence on the part of the defendant.

[3, 4] In this case the operator of an elevator failed to control its motion, so that it first ascended and then dropped to the bottom. An elevator is not per se a dangerous instrument. Where an operator is furnished with an elevator in proper condition, he can ordinarily handle it by the use of due care. It follows that, in the absence of proof of some extraordinary circumstances, it is a fair inference that failure to control the elevator was due either to the negligence of the operator or to a defect in the appliance. A defect in an elevator, rendering it uncontrollable, does not ordinarily arise if the defendant uses that degree of care in its inspection which may reasonably be expected of a hotel keeper who invites his guests to use it; hence a fair inference arises that the accident would not have arisen if the defendant had used due care in the operation and inspection of the elevator. If the defendant had shown that the accident occurred through a break or defect in the appliance, then his proof of reasonable inspection would have been material to show that he had as a matter of fact used due care to provide a safe appliance. The defendant, however, not only did not show that the cause of the accident was a break or defect in the machinery, but it did affirmatively appear that after the accident the appliance was in a satisfactory condition. The result of this testimony, standing alone, certainly failed to rebut the inference that could reasonably be raised from the plaintiff's testimony. On the contrary, if it is shown that an elevator without any defects could not be controlled by its operator, then the only probable explanation of the accident is that the operator was negligent. The defendant claims, however, that he did show affirmatively that the operator used due care.

In order to justify a dismissal of the complaint, such evidence must show care so conclusively that the only fair inference from the entire case is that this is one of those rare accidents that occur occasionally by some unexplained cause, which could not be guarded against by the use of due care. The evidence produced by this defendant is by no means of such a nature. The only testimony given as to the accident is given by the elevator operator himself, and is very vague. Assuming that it is sufficient, if believed by the jury, to show due care, it is certainly not conclusive. Common experience shows that the cases where a perfect appliance cannot be handled without accident by a competent operator are so rare that, in the absence of proof of unusual circumstances, the jury would not be bound to accept the testimony of the operator that he had used due care, and that therefore the only fair inference is that the accident was due to some unexplained cause beyond the defendant's control.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.

HENDRICK, J., concurs.  COHALAN, J., not sitting.