[No. 20805.    Department Two.    January 3, 1927.]

LINNE MOOHR, *Respondent, v.* VICTORIA INVESTMENT COMPANY, *Appellant.*[1]

[1] NEGLIGENCE (33)—EVIDENCE—PRESUMPTIONS—RES IPSA LOQUITUR. The doctrine of *res ipsa loquitur* applies, in a proper case, although it is not shown that the plaintiff was free from contributory negligence as a matter of law; and it is therefore proper to submit to the jury whether plaintiff was guilty of contributory negligence as a matter of fact.

[2] CARRIERS (77-3, 89)—PERSONAL INJURIES—ELEVATORS—INSTRUCTIONS. Where a boy was injured in a fall into an elevator shaft, when an apartment house automatic elevator moved out of place and failed to lock the door against his entrance, it is not error to instruct the jury that the "unlocked door was an invitation" for him to enter the elevator.

[3] DAMAGES (89)—EXCESSIVE DAMAGES—EXPENSE INCURRED. A recovery of $1,750 for the loss of services and expenses incurred, when plaintiff's minor son was injured in a fall down an elevator shaft, will not be held excessive where there was nothing to indicate passion or prejudice.

Appeal from a judgment of the superior court for King county, Steinert, J., entered May 7, 1927, upon the verdict of a jury rendered in favor of the plaintiff in an action in tort. Affirmed.

*Stephen V. Carey* and *R. E. Bigham,* for appellant.

*George F. Hannan,* for respondent.

MAIN, J.—The plaintiff brought this action to recover damages for the loss of services and the expenses

[1]Reported in 262 Pac. 643.

for the care of her minor son, caused by injuries sustained by him in consequence of falling into a passenger elevator shaft in an apartment house owned and operated by the defendant. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $1,750. The defendant moved for a judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which were overruled. Judgment was entered upon the verdict and the defendant appeals.

This is a companion case to that of *Moohr v. Victoria Investment Co.,* 144 Wash. 387, 258 Pac. 43. There the action was brought by the boy to recover damages for the injuries which he had sustained. Here, as stated, the action is brought by the mother to recover for loss of services and expense of care. The facts are fully stated in the opinion in the other case and will not be here repeated. In the petition for rehearing in that case, and in the briefs in the present case, a number of the questions there decided are reargued. We have reexamined these questions, and the court adheres to the opinion in the case of *Moohr v. Victoria Investment Co., supra.*

It is said, however, that the testimony of the boy in the present case is materially different from what it was in the other case. It is true that, in that case, he testified that he closed the cage door when he first left the elevator, and in the present case, he testified that he left that door partly open, but we do not see how this difference is material. When he returned to the elevator and opened the outside door which was then closed, he had a right to assume that the elevator was at that floor. Whether the cage door was closed by him when he first left it, or partly open, is not a controlling circumstance.

[1] The principal question argued upon this ap-

peal, aside from those which are covered in the other case, is whether the doctrine of *res ipsa loquitur* applies in any case when it is not shown that the injured person was free from contributory negligence as a matter of law. The appellant vigorously contends that, if the question of contributory negligence is one of fact for the jury, the doctrine has no application. In the cases and texts, there are statements to the effect that the rule does not apply except in cases where the injured person was "without contributory negligence," or that he must have been in the exercise of ordinary care. In *La Bee v. Sultan Logging Co.*, 51 Wash. 81, 97 Pac. 1104, it is said that a *prima facie* case of negligence is made out by showing the injury and "eliminating negligence on the part of the servant and his fellow servants." In Thompson on Negligence, vol. 3, § 2764, it is said that the rule does not apply, unless the person hurt was passive, and gives as a reason that, if that were not the rule, it would be necessary to consider whether or not there had been contributory negligence on the part of the passenger. In this state, however, the doctrine is not so limited. In *Firebaugh v. Seattle Electric Co.*, 40 Wash. 658, 82 Pac. 995, 111 Am. St. 990, 2 L. R. A. (N. S.) 836, the doctrine was applied where the passenger did not remain passive, but leaped from the street car in an attempt to avoid injury. It was there said:

"The appellant, however, insists that, even if under the general rule it should apply, it cannot apply under the circumstances of this case, because the respondent was not relying upon the operation of the car by the appellant, and was therefore not a passive recipient; and the presumption of negligence could not obtain because he acted himself and to a certain extent took the matter into his own hands by jumping from the car; and some cases are cited in support of this contention. We think, upon an examination of the cases,

that they do not in any manner sustain appellant's contention, and that, when it is conceded, as it must be from an examination of the testimony in this case, that the plaintiff was warranted in retreating from the peril which threatened him, and when in fact he would have been guilty of contributory negligence if he had not attempted to save himself by retreating, there is no equitable rule which could deprive him, by reason of such cautionary action on his part, from pleading negligence on the part of the carrier.''

There are cases which hold that the passenger was free from negligence, as a matter of law, and apply the doctrine here in question. There are also cases which hold, as a matter of law, that the passenger was guilty of contributory negligence, and refuse to apply the doctrine. The appellant cites a number of cases, which it says hold that the doctrine will not be applied when the question of contributory negligence is one of fact for the jury. We have examined all of these cases with care, and as we read them, they do not support the rule contended for. There are, however, two cases in which the question has been submitted to the jury. In *Jacobi v. Builders' Realty Co.*, 174 Cal. 708, 164 Pac. 394, the doctrine was applied, where it was held that the question of whether the person injured in the elevator was guilty of contributory negligence presented ''a question of reasonable argument before a jury.'' In *Graaf v. Vulcan Iron Works*, 59 Wash. 325, 109 Pac. 1016, the case went to the jury upon the plaintiff's evidence alone and, apparently, the question of contributory negligence was submitted to the jury. A verdict was returned in favor of the plaintiff, and a judgment notwithstanding the verdict was entered. An appeal was taken and the judgment was reversed. It was there said:

''The jury was warranted upon the facts in finding that the appellant had exonerated himself from the

imputation of negligence, and that the injury would not-have happened but for the negligence of the respondent. This view is supported by the decisions of both this and other courts. [Citing authorities] The respondent urges that the accident 'might have been due to causes for which the servant was responsible, or those for which the master was responsible, or those for which neither was responsible, because it may not have been due to negligence at all.' The answer to this contention is that the jury has, upon the evidence submitted, weighed the probabilities, exonerated the servant, and found the master guilty of negligence. As we have seen, the respondent offered no testimony. Surely it cannot be said that reasonable minds may not differ as to whether the appellant was negligent.''

It is true, that in neither of those cases is the precise question here presented discussed. In both of them, it appears to be assumed- that, where the question of contributory negligence is involved in connection with the doctrine of *res ipsa loquitur* and the question is one of fact, it is for the jury to determine. If the doctrine is to be applied in a proper case, when the injured person is free from contributory negligence as a matter of law, there does not seem to be any reason why it should not be applied, when he is free from contributory negligence as a matter of fact. In one case, the question is determined by the court, in the other, by the jury. There is no inherent difficulty in submitting to the jury the question of fact for their determination. If the jury finds contributory negligence as a matter of fact, that would end the case. If the finding is that the plaintiff was not guilty of contributory negligence, that establishes the fact that there was no such negligence. We think that the court did not err in submitting to the jury, in this case, the question as to whether the respondent's minor son was guilty of contributory negligence as a matter of fact, when he fell into the elevator shaft.

[2]    Complaint is made of an instruction which concludes with the statement that the "unlocked door was an invitation to John Moohr to enter said elevator," but we think, under the facts of this case, this was not error.  In the case of *Moohr v. Victoria Investment Co., supra,* it was said:

"The fact that he was able to readily open the door was an assurance to him that the elevator was there in its proper location for entering from that floor."

In the case of *Jacobi v. Builders' Realty Co., supra,* it was held that, under the facts in that case, the passenger was warranted in believing that the elevator door could not be opened, unless the cage was in place. The phraseology, in the instruction complained of, is not the same as used in the cases, but it is of similar import.

It is further contended that a number of the requested instructions of the appellant should have been given.  Some of these are not in accordance with the law as stated in the case of *Moohr v. Victoria Investment Co.,* to which we adhere, and therefore were properly refused.  There was no error in the refusal to give the requested instruction on contributory negligence, as that subject was sufficiently covered in the instructions given.

[3]    Finally, it is contended that the verdict was excessive.  While the verdict is liberal, there is nothing in the case to show passion and prejudice on the part of the jury, unless it be the amount thereof.  This is not so large that we can say that, in rendering it, the jury was actuated by passion and prejudice.

The judgment will be affirmed.

MACKINTOSH, C. J., and ASKREN, J., concur.

FULLERTON and HOLCOMB, JJ., dissent.