CLASS *v.* YOUNG WOMEN'S CHRISTIAN ASSOCIATION.

(Decided February 29, 1934.)

*Mr. James E. Mathews*, for plaintiff in error.
*Mr. J. R. Kistner*, for defendant in error.

LEVINE, J.  Error proceedings were instituted in this court seeking a reversal of the judgment of the Common Pleas Court, which, at the conclusion of the plaintiff's evidence, directed a verdict for the defendant.

It appears from the record that the plaintiff, William A. Class, was a delivery man for a laundry company which did business with the Young Women's Christian Association. He was required in the course of his work to go to the building of the Young Women's Christian Association twice a day to collect laundry from and deliver laundry to various floors.

The only facilities for getting from floor to floor was an elevator of the kind called semi-automatic. The elevator could be run by pushing the buttons, or, if desired, could be operated by a controller in the hands of an elevator operator.

On the day of the accident Class put into the elevator, at the basement level, three hampers of clothes. These were to be taken up one flight to the street level. There they would be pulled off and would be taken to the laundry company's plant.

In this operation Class was assisted by one Fallon, an employee of the defendant. When the hampers were loaded, Fallon stood at the controller and was in full charge of the handling of the elevator. Class stood on the opposite side of the elevator, facing south, and waiting to arrive at the next floor up. Between the two men, as they stood in the car, were the three hampers, which filled up most of the space. This put Fallon at the northeast corner of the car, and Class had the southwest corner, facing south, and in immediate proximity to the door. Through this door the hampers would be pulled at the next floor.

When the floor was reached, Fallon stopped the car with the controller. Class reached for the latch, and released it in the usual way. As he made a step south-

ward to pass from the car, the car suddenly moved upward. It caught him, carried him half way up the shaft between the two floors, turned him upside down, and he then fell into the shaft beneath the car, breaking his fall to some degree by seizing the dangling cables and landing on his feet. His injuries were serious, consisting chiefly of fractures of the heel bones, back injuries and injuries to the hands and arms.

The evidence permits of no dispute that in its normal operation, when the car is stopped at any floor and the door is opened, the car thereafter remains stationary. According to the testimony of Class this was the way it functioned during the six months that he had ridden on it. The record, as it stands, does not permit of any dispute that had the elevator mechanism been in normal condition the car of necessity would have been required to stand still when the door was open, and that no manipulation of the operator, or of the controller, or pushing of buttons on the upper floors, could have disturbed it in any way. The opening of the door caused the car to remain immobile because of the interruption of the controlling circuit. Upon this state of the record the trial judge directed a verdict for the defendant.

In support of the action of the trial judge, counsel for the defendant contends that it was incumbent on the plaintiff to show in addition to the foregoing evidence some form of specific negligence, and it is also urged that the plaintiff was in control of the instrumentality, and that some one on the upper floor might have been the cause of the movement of the car by pushing a button. This latter reason may be discarded, since it is clearly demonstrated in the record that had this car functioned properly no manipulation of the operator, or controller, or pushing of buttons on the upper floors, could have disturbed it in any way, and

that the opening of the door would cause the car to remain immobile because of the interruption of the controlling circuit.

Plaintiff's counsel relies on the principle of *res ipsa loquitur,* which permits the jury to draw inferences of negligence from the mere happening of the accident under given circumstances.

The testimony of Class discloses that he was not in position to show the condition of the machinery, which was at all times in the possession of the defendant; and that he knew no more of the machinery, and had no more to do with its condition, than would any other user of any elevator anywhere.

The single question before us is one of law, namely, Was there sufficient evidence adduced by plaintiff to require the submission of the case to the jury?

Though the mere fact of injury does not give rise to a presumption of negligence, the accompanying facts and circumstances may call into operation the doctrine of *res ipsa loquitur,* a rule of evidence which arises from probabilities reasonably inferred from the character of the accident itself, which in the ordinary course of events would not have happened had due care been exercised.

This rule of *res ipsa loquitur* is not a substantive rule of law, but rather a rule of evidence which permits the jury to draw an inference of negligence from the mere happening of an accident, where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where, in the ordinary course of events, it would not have occurred had ordinary care been observed. *Glowacki, a Minor,* v. *North Western Ohio Ry. & Power Co.,* 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486.

Where the *res ipsa loquitur* rule is applicable, it permits, but does not compel, a recovery.

"Where that which causes an injury is under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management and control use proper care, it affords reasonable evidence, in the absence of explanation, that the accident is the result of the want of care. The rule is peculiarly applicable to an injury arising from the falling of an elevator." 9 Ruling Case Law, 1259; *Treadwell* v. *Whittier,* 80 Cal., 574, 22 P., 266, 5 L. R. A., 498, 13 Am. St. Rep., 175; *Hartford Deposit Co.* v. *Sollitt,* 172 Ill., 222, 50 N. E., 178, 64 Am. St. Rep., 35; *Springer* v. *Ford,* 189 Ill., 430, 59 N. E., 953, 52 L. R. A., 930, 82 Am. St. Rep., 464; *Goodsell* v. *Taylor,* 41 Minn., 207, 42 N. W., 873, 4 L. R. A., 673, 16 Am. St. Rep., 700; *Orcutt* v. *Century Bldg. Co.,* 201 Mo., 424, 99 S. W., 1062, 8 L. R. A. (N. S.), 929; *Griffen, Admx.,* v. *Manice,* 166 N. Y., 188, 59 N. E., 925, 52 L. R. A., 922, 82 Am. St. Rep., 630, and note; *Kelly* v. *Lewis Inv. Co.,* 66 Or., 1, 133 P., 826, Ann. Cas., 1915B, 568; *Edwards* v. *Manufacturers Bldg. Co.,* 27 R. I., 248, 61 A., 646, 2 L. R. A. (N. S.), 744, 114 Am. St. Rep., 37, 8 Ann. Cas., 974 and note; Notes: 50 Am. Rep., 560; 6 Am. St. Rep., 794, 113 Am. St. Rep., 1030, 13 L. R. A. (N. S.), 619, 29 L. R. A. (N. S.), 816.

In the case at bar the plaintiff, as an invitee, had used the elevator in the usual way, and for no ascertainable reason the elevator had suddenly risen.

We can see no logical distinction between a falling elevator and an ascending elevator. In the case of a falling elevator it is well-settled law that an inference may be drawn from the mere accident itself, and requires a submission of the case to the jury upon the mere showing that the elevator fell. In the case of an ascending elevator, where it is shown, as it was in this case, that in its normal operation the opening of the

door would cause the elevator to remain immobile, and that notwithstanding the fact that the door remained open the elevator ascended and caused the injury, the same logical inference may be drawn, namely, that since the elevator is under the exclusive management and control of the defendant, and the accident in the ordinary course of events would not have happened had due care been exercised, it was due to some defect in construction of the elevator, or to lack of care in its maintenance.

In the case of *Gage* v. *Waldorf Astoria Hotel Co.*, 90 Misc., 331, 152 N. Y. S., 1019, the plaintiff proved the fall of the elevator and rested. The defendant then offered evidence of the making of careful inspection and the evidence of defect. We quote the following from the opinion: "It follows that, in the absence of proof of some extraordinary circumstances, it is a fair inference that failure to control the elevator was due either to the negligence of the operator or to a defect in the appliance. A defect in an elevator, rendering it uncontrollable, does not ordinarily arise if the defendant uses that degree of care in its inspection which may reasonably be expected of a hotel keeper who invites his guests to use it; hence a fair inference arises that the accident would not have arisen if the defendant had used due care in the operation and inspection of the elevator."

It seems evident that although the plaintiff opened the elevator door, and was in physical charge of same, he cannot be legally deemed in possession or control of the instrumentality. The act of plaintiff in opening the elevator door did not place him in possession and control of the instrumentality. He had a right to depend upon the normal operation of this type of car which called for the same to remain immobile while the door was open.

In our opinion a clear case for the application of the

doctrine of *res ipsa loquitur* is presented, and it follows that the trial court was in error when it directed a verdict for the defendant.

Judgment reversed, and cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

LIEGHLEY, P. J., concurs.

McGILL, J., dissents.