[S. F. No. 15372. In Bank.—July 26, 1935.]

TITUS HAAG, Appellant, v. MAX HARRIS et al., Respondents.

Meurice Swim and Ford & Johnson for Appellant.

Hadsell, Sweet, Ingalls & Lamb for Respondents.

THE COURT.—This is an action for personal injuries, sustained by plaintiff as a result of a fall into the elevator shaft of defendants' apartment building. Plaintiff testified that he entered the building as a guest of one of the tenants, opened the elevator door and fell into the shaft. The elevator was automatic and self-operating, and the doors had locks which were intended to make it impossible both to move the elevator from any floor until the door was closed, and to open the door when the elevator was not at the floor. Various witnesses for defendant, including an inspector of the elevator company, and a safety engineer of the Industrial Accident Commission, testified that they inspected the locking device after the accident and found it in satisfactory condition. The inspector of the elevator company also testified that he had tested it two days before the accident, and found it in good order. Plaintiff submitted instructions embracing the doctrine of *res ipsa loquitur*. The lower court refused to give them, and instead instructed the jury that under the facts there was no presumption of negligence. The jury brought in a verdict for defendants, and the court gave judgment thereon. Plaintiff appealed.

It is apparent that the record presents a proper case for the application of the doctrine of *res ipsa loquitur*. The elevator was under the control of the defendants; in the ordinary course of things the accident would not have happened if due care had been used by those in control of it; and

plaintiff had no means of explaining how the elevator was not at the floor at which the door opened. There are several decisions holding the doctrine applicable to exactly this type of case, namely, injuries sustained through a fall into the shaft of an automatic self-operating elevator, in an apartment or hotel. (*Class* v. *Young Women's Christian Assn.*, 47 Ohio App. 128 [191 N. E. 102]; *Moohr* v. *Victoria Inv. Co.*, 144 Wash. 387 [258 Pac. 43]; Id., 146·Wash. 251 [262 Pac. 643].)

It is contended that our decision in *Barbieri* v. *Law*, 209 Cal. 429 [287 Pac. 464], is to the contrary. In that case, however, the instrumentality involved was a sidewalk freight elevator; and the injured person had stepped into it, apparently taken the starting lever in·his hand, and thus was actually operating the machine when he was injured by being crushed against the iron doors opening onto the sidewalk, which doors were not unlatched. This court observed that the *res ipsa loquitur* doctrine did not apply because the machine was not wholly within the control of the defendant. The distinction between that case and the instant case is obvious.

█ The further contention is made by defendants that even if the doctrine applies, the inference of negligence arising therefrom was wholly rebutted by the evidence introduced by defendant to the effect that inspection failed to show any defect in the lock. At most this created a conflict, which should have gone to the jury under proper instructions. The testimony that at some time before and some time after the accident the lock appeared to be working properly, and that the machine was up to date and properly constructed and installed, is not conclusive as to its condition at the time of the accident. (See *Jacobi* v. *Builders' Realty Co.*, 174 Cal. 708 [164 Pac. 394, L. R. A. 1917E, 696].)

The judgment is reversed.

Rehearing denied.