## INDEMNITY INS. CO. OF NORTH AMERICA v. HINKLE.

### No. 10016.

Circuit Court of Appeals, Fifth Circuit.

April 28, 1942.

As Amended May 27, 1942.

Richard H. Switzer and Val Irion, both of Shreveport, La., for appellant.

Harry V. Booth, of Shreveport, La., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges,

HOLMES, Circuit Judge.

Appellee recovered a judgment in the court below for damages for injuries sustained when she slipped and fell as she was leaving Michael's Cafeteria in Shreveport, Louisiana. It is contended on appeal that the trial court committed error in overruling appellant's motion for a directed verdict, because appellee's evidence did not make out a case for the jury, and because the evidence disclosed, as a matter of law, that appellee was guilty of contributory negligence. Appellant was the public liability insurer of the cafeteria.

There is no dispute as to the exact scene of the accident or the structure and condition of the premises at that place. As appellee stepped from the interior of the cafeteria into the foyer leading to the street, her foot slipped upon the sloping tile surface of the floor of the foyer and caused her to fall. The premises were in perfect condition and were well lighted, but it was claimed that the extreme slope of the floor, being surfaced with slippery tile and partially obscured from view by the paneling of the door entering thereon, created a hazardous condition that rendered the foyer unsafe for the use to which it was put.

We deem it unnecessary to make an extended statement of the facts. The plaintiff's evidence may be summarized as follows: Three building contractors, who were qualified as experts, testified that they had examined the foyer and were of the opinion that the foyer floor was dangerous; seven witnesses, other than the plaintiff, testified that they had slipped upon the surface of the foyer while attempting to leave the cafeteria under similar conditions; and there was evidence from which the jury reasonably might have inferred that the operator of the cafeteria, at a date prior to the accident, and upon learning of a fall sustained in the foyer by another patron of the cafeteria, apprehended the hazardous condition in the foyer and placed a rubber mat there, which had been worn out and taken up prior to the date the appellee fell.

We think this evidence was sufficient to justify the submission of the case to the jury, and to support its finding that the foyer was not a reasonably safe place for use as a walkway. Under the law of Louisiana it is the duty of a store-keeper to provide his patrons a reasonably safe place in which to transact business with him.[1]

The pleadings charged that appellee was contributorily negligent in that she was devoting no attention to where or how she was walking, and was not maintaining a proper look-out. There is no direct evidence in the record to show that, at the time of the accident, appellee was not exercising ordinary care for her safety. This defense apparently is grounded solely upon

[1] Farrow v. John R. Thompson Co., 18 La.App. 404, 137 So. 604; Grigsby v. Morgan & Lindsey, La.App., 148 So. 506; Ransom v. Kreeger Store, La.App., 158 So. 600; Walsh v. Whitney National Bank, La.App., 4 So.2d 553.

the theory that, since appellee was familiar with the physical structure of the floor, she was charged with knowledge of the hazard it presented to any one walking over it, and was negligent in voluntarily assuming that risk or in proceeding over the tile without exercising whatever greater than ordinary degree of care was necessary to pass across the foyer safely.

It was not shown that appellee had ever before encountered difficulty in passing over the foyer floor, or that she had known or heard of any one slipping upon the tile surface. She was entitled to assume that the establishment would be maintained in a condition rendering it unnecessary that she be constantly alert for her safety.[2] Whether the dangerous condition, found by the jury to exist by reason of the construction of the foyer floor, was or should have been known to this appellee who occasionally had walked over it, was, under the evidence, a question for determination by the jury.

The judgment is affirmed.