145 So.2d 588 (1962)
Mrs. Bertha Claiborne JOHNSON
v.
Mr. and Mrs. Allen H. JOHNESS, Johness Realty Company, and United States Casualty Company.
No. 728.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Rehearings Denied October 29, 1962.
Certiorari Denied January 3, 1963.
*589 Jackson & Hess, Ralph N. Jackson, New Orleans, for plaintiff-appellant.
Thomas C. Wicker, Jr., Lemle & Kelleher, Carl J. Schumacher, Jr., New Orleans, for defendants-appellees.
Before FRUGÉ, MENUET and ELLIS, JJ.
FRUGÉ, Judge.
This is a suit to recover damages for personal injuries sustained as a result of plaintiff's fall down an elevator shaft. After a trial on the merits, the lower court rendered judgment in favor of defendants, and plaintiff has appealed.
Plaintiff was employed in the home of Mr. and Mrs. Allen H. Johness as a domestic servant. Mr. and Mrs. Johness do not own *590 the apartment building in which they make their home, but rather lease the premises from the Johness Realty Company. Mr. and Mrs. Johness are insured by the United States Casualty Company, which is also a party defendant in this proceeding. The Johness Realty Company is not covered by liability insurance.
The evidence shows that on or about November 12, 1958, plaintiff was in the process of performing her domestic duties in the Johness home, which is on the third floor of the building owned by the Realty Company. In order to go down to the basement, plaintiff customarily used a self-service elevator installed by the lessor for the use of its tenants. The elevator was equipped with an "interlock" and "interlock keeper", which operated electrically to keep the elevator door closed until the car was stationed behind it. When the car moved into the proper position, it caused an electrical circuit to be broken, releasing the interlock keeper and allowing the door to open.
On the day in question, plaintiff opened the door and attempted to step to the rear of the car in order to turn on the elevator light. The elevator was not there, however, and plaintiff fell down the shaft onto the top of the car approximately fifteen feet below. When Mrs. Johness heard plaintiff's screams, she pushed the starter button and brought the car, with plaintiff still on top of it, up to the third floor. Plaintiff then fell through a transom-type door located above the main elevator door and landed on the floor at the point from which her unfortunate journey began.
The first question in this case is whether the doctrine of res ipsa loquitur is applicable to malfunctions of automatic self-service elevators. This is a case of first impression in Louisiana on this specific issue. "It is well established in the Louisiana jurisprudence that the doctrine of res ipsa loquitur must be applied to a case if the accident which damaged plaintiff was caused by an agency or instrumentality within the actual or constructive control of the defendant, if the accident is of a kind which ordinarily does not occur in the absence of negligence, and if the evidence as to the true explanation of the accident is more readily accessible to the defendant than to the plaintiff'. Northwestern Mut. Fire Ass'n v. Allain, 226 La. 788, 77 So.2d 395, 49 A.L.R.2d 362 (1955), quoted in Langlinais v. Geophysical Service, 237 La. 585, 111 So.2d 781 (1959). We are of the opinion that the failure of the automatic elevator safety device to function properly in this case meets all three of these criteria, and the doctrine of res ipsa loquitur is thus applicable. This result has been reached in other jurisdictions, even when the elevator functioned properly before and after the accident. See Haag v. Harris, 4 Cal.2d 108, 48 P.2d 1 (1935); Gustavason v. Thomas, 277 App.Div. 303, 237 N.Y.S. 479 (1929). Res ipsa loquitur places the burden of proof upon the defendant to show its freedom of fault. There is not a sufficient amount of evidence in the record showing an absence of negligence on the part of the Realty Company to justify a holding that it has sustained this burden of proof.
We are also of the opinion that the lessee was negligent in this case. The record shows that Mr. Johness gave orders that the light in the elevator be turned off when the elevator was not in use in order to conserve electricity. This light was located at the back of the elevator, so that whoever used it was forced to step to the rear of the darkened car before he was able to manipulate the light switch. Since the light was at the rear of the elevator, it was negligence for Mr. Johness to give an order which required plaintiff to step into a darkened elevator at her own risk. The benefit which defendant received from his frugality was far outweighed by the risk of serious bodily injury which his instructions caused to those who used the elevator.
Defendants strongly contend that plaintiff was guilty of contributory negligence because she did not keep a proper lookout when she entered the elevator *591 shaft. However, we do not feel that such an argument is valid under the circumstances of this case. Plaintiff was employed to perform household chores, and as she became accustomed to defendants' premises she began to rely upon the fact that the elevator door could only be opened if the car was in position behind it. When the door opened, plaintiff's natural impulse was to assume that the elevator was at her level. Her reliance on the normal mechanical predictability of the elevator's safety devices did not constitute negligence on her part. An identical decision was reached in Haag v. Harris, 4 Cal.2d 108, 48 P.2d 1 (1935). See also, Southeastern Elevator Co. v. Phelps, 70 Ga.App. 331, 28 S.E.2d 85 (1943). Moreover, the darkened condition of the elevator further strengthens this conclusion.
Medical evidence introduced at the trial shows that plaintiff suffered fractures of both legs as well as assorted bruises and contusions. She was placed in a short cast on her right leg, and a long cast on her left leg, in which she remained for more than eight months. She was hospitalized for two weeks, spent some time in bed and in a wheelchair at home, and was not able to put any significant amount of weight on her legs for more than a year. She still suffers soreness and restriction of movement in her left hip and knee and in her right ankle. She now has great difficulty in walking, and in view of the fact that she is sixty-two years of age, it is doubtful that she will be able to support herself in the future. She claims to suffer from nervous disorders, which would not be entirely unreasonable in view of her harrowing experience. At the time of the accident plaintiff was fifty-eight years old and was earning a weekly wage of $25.00. Assuming plaintiff would have worked for five more years, she would have earned approximately $6,500.00. We feel that this is an adequate award for loss of wages.
Judgments for the type of injuries sustained by plaintiff have ranged between $1,000.00 and $45,000. See Bergeron v. Houston-American Ins. Co., 98 So.2d 723 (La.App.1957) and Crowther v. Fenstermaker, 96 So.2d 91 (La.App.1957). We do not feel that either of these extremes would do substantial justice in this case, in view of plaintiff's age and physical condition at the time of the accident. We think that an award of $12,600.00 would be adequate. See Sedotal v. Fidelity & Casualty Co. of New York, 77 So.2d 153 (La.App.1957).
For the foregoing reasons the judgment appealed from is reversed, and judgment is rendered in favor of plaintiff, Mrs. Bertha Claiborne Johnson, in the sum of $19,100.00, together with legal interest from date of demand until paid, and against defendants, Johness Realty Company and Mr. and Mrs. Allen H. Johness together with the United States Casualty Company, in solido, and for all costs.
Reversed and rendered.

On Application for Rehearing.
PER CURIAM.
On application for rehearing, counsel for the defendants raises two questions not previously considered. First, it appears that in awarding plaintiff judgment against the defendants in the sum of $19,100, we failed to consider that Mr. Johness had advanced the sum of $1,263 to plaintiff. See joint stipulation of the parties to this suit. (Tr. 19). In this regard we erred and therefore reduce our award by this amount.
Second, counsel contends that we erred in holding Mrs. Johness liable in solido with her husband. It is urged that the only possible way Allen H. Johness could be held liable is as head and master of the community, and the husband alone is liable for a community debt, citing Ellis v. White, La.App., 71 So.2d 640. We find no merit to this contention. See Vail v. Spampinato, 238 La. 259, 115 So.2d 343; Galle v. Ingraham, La.App., 140 So.2d 741.
*592 For the reasons assigned, our original decree is amended by reducing the award therein by the sum of $1,263, or to the sum of $17,837, and, as thus amended, is reinstated and the final judgment of this court.
We find, in all other respects, no error in our original opinion and therefore deny defendants' application for rehearing.
Rehearing Denied.