SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit for damages against Finest Foods, Inc., the alleged owner and operator of a cafeteria in the City of New Orleans, and that corporation’s liability insurer arising out of injuries sustained by Mrs. Schwartz when a partially automatic or semi-automatic cafeteria door struck her knee. Mrs. Schwartz sues for her personal injuries, pain and suffering, and Mr. Schwartz, as head and master of the community, seeks recovery for loss of wages, medical and other expenses. The defendants filed a third party petition against Pittsburg Plate Glass Company, from which Finest Foods had purchased the door, praying for judgment over against Pittsburg in the amount of any judgment which might be rendered against the original defendants, together with costs and attorney’s fees, and alleging that if there was a defect in the door it was due to the manufacture, design and/or installation thereof and would be covered by the implied warranty resulting from the sale of the door.
There was judgment in the trial court in favor of the original defendants and against the original plaintiffs, dismissing the lat-ters’ suit at their cost, and in favor of the third party defendant and against the third party plaintiffs, dismissing the third party petition. The original plaintiffs alone have appealed therefrom and none of the other litigants has answered that appeal.
The third party defendant, Pittsburg Plate Glass Company, has made an appearance before us contending there is no appeal before this court as respects it and alternatively seeking affirmation of the judgment appealed from. While it would appear that Pittsburg’s first contention is correct (see LSA-C.C.P. Art. 2087; Howard v. Insurance Company of North America, La.App., 159 So.2d 560), it is unnecessary for us to decide the question. The original plaintiffs and the original defendants concede that Pittsburg is not before us on this appeal and we therefore accept the same as a fact.
The record discloses:
Plaintiffs had been regular customers of the defendant cafeteria, usually twice a week, for approximately 9 years during all of which time the same door herein complained of was being used. On the evening of the accident Mrs. Schwartz, her husband, son and daughter-in-law had eaten at the cafeteria. She was leaving through the door in question with her daughter-in-law just behind her. A lady, whose identity is unknown and who did not appear as a witness, proceeded through the door just ahead of Mrs. Schwartz. The door, which we will describe more fully hereafter, remained open and, as Mrs. Schwartz started through, it began to close. In closing it struck her right knee allegedly causing the injuries of which she complains. At that time there was no indication of significant physical injury and the accident was not reported to anyone associated with the cafeteria. However, two days later Mrs. Schwartz suffered pain and swelling in her right knee and consulted a physician.
The door is one used exclusively as an exit from the cafeteria. It contains an automatic opening mechanism activated by pressure on either a vertical bar or a circular handle at the top of the bar, both handle and bar being located on the inside of the door. Although the testimony does not disclose the height of the handle and bar, pictures of the door were introduced in evidence and from those pictures the handle and the bar appear to extend from the bottom of the door to some distance above the middle of the door. The door closes exclu *914 sively as a result of spring tension; the automatic feature involves only its opening and not its closing. Any pressure, even slight pressure, on the handle or bar acti■vates the opening mechanism and immediately causes the door to open. If pressure is so applied while the door is in the act of closing, it will immediately stop closing and begin opening. The door is equipped with a device by which the length of time it remains open can be controlled.
Both here and in the trial court plaintiffs contend the doctrine of res ipsa loquitur is applicable. The trial judge found and held that the doctrine does not apply in this case, that plaintiffs have not borne their burden of proving negligence on the part of the defendants, and that the sole proximate cause of the accident was negligence on the part of Mrs. Schwartz in that she was not paying the degree of' care and attention required of her under the circumstances for her own safety. As the answer of the original defendants contains an alternative plea of contributory negligence, we deem it proper to first consider that plea for, if there was negligence on the part of Mrs. Schwartz which was a proximate cause of the accident, plaintiffs cannot recover regardless of whether or not there was negligence on the part of the defendants.
The only testimony in the record relative to how the accident happened is that given by Mrs. Schwartz and her daughter-in-law. Mrs. Schwartz testified: While her husband was paying the check she proceeded to leave the cafeteria and was followed by her daughter-in-law. The door was completely open while the lady preceding her went through but while she, Mrs. Schwartz, was going through it closed on her “with full force”, striking her knee and throwing her off balance into her daughter-in-law directly behind her. She tried to protect herself, “automatically” putting her hands against the glass, but the door nonetheless struck her knee. The daughter-in-law testified generally to the same effect.
Plaintiffs rely on the case of Johnson v. Johness, La.App., 145 So.2d 588, and such cases as Ranson v. Kreeger Store, Inc., La.App., 158 So. 600, Grigsby v. Morgan & Lindsey, 148 So. 506 and Indemnity Insurance Co. of North America v. Hinkle, 5 Cir., 127 F.2d 655, all of which are distinguishable.
In Johnson the court held that plaintiff’s reliance on the normal mechanical predictability of an automatic elevator’s safety device, which prevented the elevator door from opening when the car was not at the floor, did not constitute negligence when the door opened and plaintiff stepped into what she thought was the unlighted elevator and fell down the shaft. In that case plaintiff relied on an -automatic device which failed to function while in this case the only autpmatic device involved was the opening of the door and not the closing. .As we will point o.ut, plaintiff knew, or should have known, the door would close.
The other xited cases are distinguishable on the same ground. In all of them a customer in a business establishment was injured as a result of floor defects and the holding of no negligence on his part was based on the rule that the customer was entitled to assume the establishment would be maintained in a safe condition with a floor that was not defective and he was not required to be constantly on the alert for such defects. Here Mrs. Schwartz knew, or should have known, the door would close.
We are satisfied, as was the trial judge, that Mrs. Schwartz was negligent and that she could and should have prevented the accident. Because of her numerous previous visits to the cafeteria over .a period of many years and of her frequent use of the same door, she knew, or certainly .should have known, that the door would not remain open indefinitely and that any pressure, however slight, on the handle or the vertical bar would immediately cause the door to stop closing and begin opening. Under these facts she was required to be on the alert for, and to take some precaution *915 against, the closing of the door. Yet from our reading of all of the testimony given.by Mrs. Schwartz and her daughter-in-law we are satisfied Mrs. Schwartz paid no attention to the fact that the door might begin closing while she was passing through and made no effort to guard against such a closing. Other than to simply throw up her hands at the very last moment, she did nothing to prevent a complete closing of the door. Nor are we satisfied from the testimony that the door closed with any great or'unusual amount of force.
The judgment appealed from is affirmed.
Affirmed.