REGAN, Judge.
The plaintiffs, Mr. and Mrs. Anthony Vetters, filed this suit against the defendants, Anthony Papania and the Firemen’s Fund American Insurance Companies, his liability insurer, endeavoring to recover the sum of $10,263.00 for personal injuries and medical expenses which they assert were incurred as the result of the principal defendant’s negligence in failing to properly maintain an automatic door located in the exit of the defendant’s food store.
The defendants answered and denied that the accident resulted from their fault and then they asserted that the proximate cause of the plaintiff’s injuries was her contributory negligence in placing herself in the path of the arc of the door.[1]
*640 From a judgment in favor of the defendants dismissing the plaintiff’s suit, she has prosecuted this appeal.
The record discloses that on May 19, 1966, the plaintiff, Mrs. Vetters, purchased certain foodstuffs from the defendant’s supermarket, after which she departed through the automatic door located in the front of the premises leading onto the sidewalk .adjacent to the exit thereof. The door -opens outward from left' to right when a customer walks upon a rubber mat located in front of the door on the inside of the store. The door will remain open if a •customer decides to stand on the rubber -mat located outside the exit; however, after the door closes, it will not reopen if the customer again decides to step upon this mat.
In any event, the plaintiff, as we said, stepped on the mat, walked through the door, and it closed behind her without incident.
The day of the accident was a rainy one, and after the plaintiff safely exited from the food store, she stopped for a moment to open her umbrella. At this point, a customer leaving the store stepped on the inside mat, so that the door automatically opened and struck the plaintiff on her left side. She fell to the ground and as a result thereof incurred rather serious injuries to her leg and pelvic bone.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it often is expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.
The plaintiff testified that she had visited the store “lots of times” before the accident, and had walked out of this same automatic door on each of these occasions. She asserted that prior to the accident, she had walked through the door and that it closed behind her without incident.
Since the automatic door did not strike the plaintiff when it closed which was after she had passed through it, the only possible explanation for the occurrence of the accident is that another customer activated the door and the plaintiff either backed into the path thereof or stooped over so that her posterior protruded into the path of the door.
Under these circumstances, we are compelled to reach the inevitable conclusion that the plaintiff was negligent in that she should have exercised reasonable care so as to stand clear of the arc of the door. This is especially true in view of the fact that she had exited through this automatic door on many occasions; therefore, she knew or should have known that once the door had closed, it could be activated at any moment if one of the defendant’s patrons should walk upon the inside rubber pad. To reiterate, it is quite obvious that if the door closed behind the plaintiff without incident, she must have either stepped back or leaned back in such a way as to place her body within the 90 degree arc of the door. In so doing, she was guilty of that degree of negligence which operates as a bar to her recovery of any damages for her unfortunate injuries.[2]
In determining what is negligent conduct, we have observed on several occasions that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil law concept. Judicially we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few absolute rules of negligence; there *641 are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury and prescribe the proper rule for each.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.

. After filing this suit, Mr. Vetters died, and Mrs. Vetters filed a supplemental petition substituting herself for her deceased husband with respect to the claim for medical expenses, all with the approval of counsel.

. See rationale emanating from Schwartz v. Employers’ Group Assurance Company and Finest Foods, Inc., La.App., 192 So.2d 912 (1966).