YARRUT, Judge.
This appeal concerns a products liability claim. Plaintiff filed this suit for $15,-849.75 against R. D. Werner Company, Inc., for personal injuries suffered when a ladder it manufactured allegedly collapsed due to a structural defect and threw him to a concrete floor. Named as co-Defendants are the ladder wholesaler, Woodward Wight & Co.; the retailer, Schwegmann Bros. Giant Super Markets, Inc.; Potomac Insurance Company, the manufacturer’s liability insurer; and American Employers’ Insurance Company, the wholesaler’s liability insurer.
All Defendants answered denying negligence, and alleged that the cause of the accident was Plaintiff’s own negligence and, alternatively, in the event any or all Defendants were found to be negligent, then Plaintiff was guilty of contributory negligence sufficient to bar his recovery.
From a judgment in favor of all Defendants dismissing Plaintiff’s suit, he has taken this appeal.
The facts are: In May, 1966, Plaintiff bought an aluminum ladder from one of the Schwegmann stores in Jefferson Parish. The retailer had purchased it from the wholesaler, Woodward Wight & Co., who had purchased it from Werner, the manufacturer.
On June 18, 1966, Plaintiff was in his garage attempting to store materials in the attic. While on the third step of this six-foot ladder, it toppled over throwing him to the floor. It is not clear from the record how this accident occurred. In Plaintiff’s petition it is alleged that the third step of the ladder broke (apparently under Plaintiff’s weight), causing the first and second steps to break, resulting in Plaintiff’s fall to the floor. The offending ladder was introduced in evidence with all steps still intact. It is damaged to this extent: The lower left side of the ladder is bent inward or toward the right side of the ladder at a point below the juncture of an angular brace that connects the under side of the first step and the inside of the left leg. The first step is bent slightly out of shape.
Plaintiff was alone when the accident happened. At the trial he testified that he *547 opened the ladder properly, climbed it to store paint brushes and then descended to the floor. He then turned the ladder around and began climbing toward the attic. When he reached the third step the ladder collapsed.
More details were elicited from Plaintiff on cross-examination. He admitted he built the garage himself and that its floor slopes toward the left. To reach the overhead storage area Plaintiff had to place the ladder on a floor that was not level. He climbed it holding a box in both hands. He lifted his arms overhead to place the box in the attic, and while attempting to make room for the box by pushing items in the attic toward his right, the ladder toppled with him. Several circumstances surrounding the incident were not admitted by Plaintiff until he was confronted with conflicting statements in his deposition taken sometime prior to the trial. In his testimony he positively stated the ladder did not tilt before he fell, rather that it collapsed and then he fell. In his deposition he said he did not know what happened.
Defendants countered with the testimony of Dr. Dale Carver, head of the Engineering Mechanics Department of Louisiana State University. He qualified as an expert in civil engineering with particular specialty in stress analysis. It was his opinion that had the aluminum leg been defective, in collapsing, the leg would have bent outward, not inward. He stated the damage to this ladder could only have been caused by “dynamic loading or a stopping of a moving load.”
Dr. Carver expressed the view that the ladder could only have been damaged if, in its descent with Plaintiff’s weight of 210 pounds on it, it struck a fixed object. He said the inward bending action could only have occurred by bending from an outward force.
Part of Plaintiff’s testimony on deposition fully substantiates Dr. Carver’s theory. If the ladder were placed on an uneven floor that sloped to the left and Plaintiff, without holding the ladder, was reaching overhead and applying pressure toward the right, it is apparent this action caused it to topple toward the left. The photographs introduced in evidence reflect that the ladder struck the left wall of the garage in the course of its descent floorward.
Based on the foregoing evidence, the Trial Court dismissed Plaintiff’s suit.
On appeal Plaintiff urges that we apply the doctrine of res ipsa loquitur. Counsel argues that the collapse of a ladder causing injury to Plaintiff is all he must show to establish a prima facie case. Under this evi-dentiary rule, it is argued, the Defendants must exculpate themselves from negligence and this they have failed to do. We pre-termit a discussion of whether the doctrine is applicable against any Defendant, or all. It would avail Plaintiff nothing even were we to apply the res ipsa loquitur rule because Defendants affirmatively proved they were guilty of no negligent act which contributed to this accident. This is all they are required to do to exculpate themselves from negligence. Johnson v. Johness, La. App., 145 So.2d 588; Brechtel v. Gulf States Elevator Corporation, La.App., 195 So.2d 403.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.