ROBERT M. FLEMING, Judge pro tem.
This is an appeal from the Civil District Court for Orleans Parish. The appellants are the owners and operators of Bart’s Restaurant and Bar, situated at West End in Orleans Parish. The suit giving rise to this appeal arose out of an accident at Bart’s Restaurant when William Pinaud was leaving the restaurant with a friend after having dined there.
Mr. Pinaud and his friend, Mr. Michel, testified that as Mr. Pinaud was leaving the restaurant he was getting ready to go through a swinging wood-frame glass door and without even touching the glass, it suddenly shattered and sprayed glass all over him, lacerating his knee seriously.
The defendants claim that Mr. Pinaud was not looking where he was going and that as he exited his knee struck the glass in the door, shattering the glass and cutting the knee. The defendants claim that the doors were not defective in any way and were reasonably safe.
The trial court rendered judgment without reasons in favor of the plaintiff and against the defendant in the sum of Two Thousand Nine Hundred and Seventy-Seven ($2,977.00) Dollars and a suspensive appeal was taken from that judgment.
A restauranteur must exercise ordinary care and prudence in keeping the aisles, passageways, floors, doors and walks in a reasonably safe condition for his customers who are on the premises by his implied invitation; but in order for a customer to maintain an action against a restauranteur for apparent defects there must be fault on the part of the restauranteur and ignorance of the danger on the part of the customer. The doors involved in this case are described as wooden doors with a glass panel in the center of each leaf. They were double-acting doors which were supported on a full concealed hinge at the bottom and at the top they were supported by a customary pivot hinge. A double-acting door is a free-swinging door that operates in both directions. When the door is open there is a spring-loaded hinge at the bottom which makes the door return to center. The doors were heavy glass doors that had a frame around them, approximately twelve inches (12") at the top and twelve inches (12") at the bottom, of wood, and a frame on each side of about eight inches (8"). There was a kickplate at the bottom and a metal handplate on each door. The doors were of standard size.
It is the contention of the plaintiff that as he was exiting he lifted up his arm to push the door and before he did anymore the glass shattered, he hit his head on the glass and the glass broke and cut his knee.
A reading of the record convinces us that the accident could not have occurred in this fashion. The particular doors involved had been in place at this restaurant for a period of over twenty-six (26) years when the accident happened. A Mr. Jack Teston was a part-time bartender in the restaurant when the accident occurred. He is no longer employed by the defendants and we consider his eyewitness testimony relatively disinterested evidence to be determinative of the issue. He was nearby at the bar just prior to the accident and his attention was attracted to the door area by loud laughing. He saw Mr. Pinaud going towards the door and noticed that his head was turned to his right and that he was talking to someone. When he reached the door his knee hit the door first and the glass broke. The whole glass did not break but only the lower portion of the door was damaged. He may have had his hand out for the door, but this is not clear.
This case is similar to that of Schwartz v. Employers’ Group Assurance Company, 192 So.2d 912 (La.App. 4th Cir. 1966). In *174 the Schwartz case Mr. and Mrs. Schwartz were leaving a cafeteria when a partially automatic or semi-automatic cafeteria door struck Mrs. Schwartz at the knee. Mrs. Schwartz had been a regular customer of the cafeteria, going there usually twice a week for a period of about nine years. On this particular evening someone had exited before her. Mrs. Schwartz started to exit and the door started to close. In closing it struck her knee, causing the injuries of which she complains. The door was such that it had a bar parallel to the floor and if the bar were pushed the door would stop closing but commence to open again. The court held that the doctrine of res ipsa lo-quitur was inapplicable. In that case the plaintiffs did not bear their burden of proving negligence on the part of the defendants and that the sole proximate cause of the accident was the negligence on the part of Mrs. Schwartz in that she was not paying the degree of care and attention required of her under the circumstances for her own safety.
In this case Mr. Pinaud was a fairly regular customer of Bart’s Restaurant and had been through these swinging doors many times. When he was making his exit he was not paying attention to what he was doing in that he was looking away from the door. He was not paying the degree of care and attention required of him under the circumstances for his own safety. An unknown passenger had exited before Mr. Pinaud and the door was probably swinging back when Mr. Pinaud’s knee hit it and the damage occurred. Had Mr. Pinaud been looking he could have stopped the swinging of the door by putting his hand on the wood or on the glass. There is evidence to indicate that a normal pushing of the glass would not cause it to shatter. It requires something much stronger than that, such as a hard object hitting the door, as a knee could do.
We are satisfied that Mr. Pinaud was negligent and that he could and should have prevented the accident. Because of his visits to the restaurant over a period of some time and his frequent use of the same door he knew, or certainly should have known, that it was a swinging-type door and that he could anticipate if someone went out in front of him that it may swing back on him. Under these facts he was required to be on the alert for and to take some precautions against the closing of the door. Yet, from our reading of the testimony given by Mr. Pinaud and his witness we are satisfied that he paid no attention to the fact that the door might close and that it was where it was. We find that the district court committed error in failing to consider the evidence of Mr. Pinuad’s own negligence and we find that his negligence was a proximate cause of the accident which contributed to the accident barring his recovery. It is unnecessary for this decision to go into.the negligence vel non of the restaurant owners.
The judgment of the district court is reversed and plaintiffs suit is dismissed at his costs.
Reversed.